PEOPLE v PATTISON

Docket No. 276699. Submitted September 5, 2007, at Detroit. Decided September 11, 2007, at 9:10 a.m.

William S. Pattison was bound over for trial in the Oakland Circuit Court on four counts of first-degree criminal sexual conduct involving his daughter (victim at least 13 but less than 16 years of age and the defendant a member of the same household or related to the victim by blood) and one count of pandering, for his involvement in his daughter's prostitution activities. The court, Gene Schnelz, J., granted the prosecution's motion in limine and entered an order allowing the prosecution to introduce at the trial certain other-acts evidence under MRE 404(b) and MCL 768.27a. The defendant appealed from that order by leave granted.

The Court of Appeals *held*:

1. The trial court properly held that evidence that the defendant committed first-degree criminal sexual conduct against his ex-fiancée is more probative than prejudicial and is admissible under MCL 768.27b, which allows trial courts to admit relevant evidence of other domestic assaults to prove an issue, even the character of the accused, if the evidence meets the requirements of MRE 403. The evidence that the assault against the ex-fiancée was accomplished in part by controlling her money and their child was probative of whether the defendant used the same tactics to gain sexual favors from his daughter. The evidence bolsters the credibility of the daughter.

2. The trial court erred in ruling that evidence regarding the defendant's alleged unwanted sexual contact with a female coworker was admissible under MRE 404(b)(1) to show that the defendant used a common plan or scheme on the coworker and his daughter. The events surrounding the incidents were too attenuated to find that the coworker's evidence showed a common plan or scheme. In addition, evidence of sexual acts between the defendant and persons other than the complainant is not relevant to bolster the complainant's credibility.

3. The trial court did not abuse its discretion in allowing under MCL 768.27a evidence regarding the defendant's alleged sexual abuse of four other minors. Application of the statute, which was

enacted after most, if not all, of the alleged abuse occurred, does not violate the Ex Post Facto Clause, Const 1963, art 1, § 10, because the standard for obtaining a conviction against the defendant was not changed by the statute.

4. MCL 768.27a is a substantive rule of evidence, not a procedural rule, and it does not violate the principles of separation of powers.

Affirmed in part, reversed in part, and remanded for trial.

1. CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — EVIDENCE.

Evidence of sexual acts between a defendant charged with criminal sexual conduct and persons other than the complainant is not relevant to bolster the credibility of the complainant.

2. CONSTITUTIONAL LAW — EX POST FACTO LAWS.

A law that alters the legal rules of evidence and allows the admission of less, or different, testimony in order to convict a defendant than the law required at the time of the commission of the offense violates the Ex Post Facto Clause when applied to the defendant; the clause is not violated where the altered standard does not lower the quantum of proof or value of the evidence needed to convict the defendant (Const 1963, art 1, § 10).

3. CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — EVIDENCE.

The statute that permits in a trial of a defendant charged with a sexual offense against a minor the introduction of evidence of the defendant's commission of uncharged sexual offenses against other minors without the prosecution's having to justify the admissibility of the evidence under MRE 404(b), and that permits the consideration of such evidence for its bearing on any matter to which it is relevant, is a substantive rule of evidence that does not violate the principles of separation of powers (MCL 768.27a).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca,* Prosecuting Attorney, and *Joyce F. Todd*, Chief, Appellate Division, for the people.

*Daniel Randazzo* for the defendant.

Before: O'CONNELL, P.J., and MURPHY and FITZGERALD, JJ.

O'CONNELL, P.J. Defendant appeals by leave granted the trial court's order allowing the prosecution to introduce at the impending trial other-acts evidence under MRE 404(b) and MCL 768.27a. Defendant is charged with four counts of first-degree criminal sexual conduct, MCL 750.520b(1)(b) (victim at least 13 but less than 16 years of age and defendant a member of the same household or related to the victim by blood), and one count of pandering, MCL 750.455. We affirm in part, reverse in part, and remand for trial.

The first-degree criminal sexual conduct charges in this case stem from defendant's alleged sexual abuse of his daughter beginning when she was 13 or 14 years old and occurring repeatedly over the course of about two years while she was living with him. The pandering charge arises from defendant's alleged involvement, several years later, in his daughter's prostitution enterprise.

Defendant's first argument on appeal is that the trial court erred by allowing the prosecutor to introduce evidence of defendant's alleged sexual assaults of a former coworker and an ex-fiancée under MRE 404(b). "When the decision regarding the admission of evidence involves a preliminary question of law, such as whether a statute or rule of evidence precludes admissibility of the evidence, the issue is reviewed de novo." *People v Washington*, 468 Mich 667, 670-671; 664 NW2d 203 (2003). Otherwise, we review for abuse of discretion a trial court's decision to admit evidence. *Id.* at 670.

We first note that the Legislature now allows trial courts to admit relevant evidence of other domestic assaults to prove any issue, even the character of the accused, if the evidence meets the standard of MRE 403. MCL 768.27b. In this case, the evidence that defendant accomplished first-degree criminal sexual conduct

against his ex-fiancée in part by controlling her money and their child is probative of whether he used those same tactics to gain sexual favors from his daughter. It also tends to bolster the credibility of his daughter, which is the most critical issue in the case. Therefore, the evidence is more probative than prejudicial, and the ex-fiancée's testimony is admissible under MCL 768.27b. Because the trial court reached the correct result, we need not review whether the ex-fiancée's evidence was also admissible under MRE 404(b).

Regarding the evidence of defendant's history of making unwanted sexual contact with the coworker, the prosecution proposed the coworker's evidence to show that defendant used a common plan or scheme in abusing his victims. Common plan or scheme is a proper non-character purpose for presenting evidence of a defendant's other acts. MRE 404(b)(1). "[E]vidence of similar misconduct is logically relevant to show that the charged act occurred where the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system." *People v Sabin (After Remand)*, 463 Mich 43, 63; 614 NW2d 888 (2000).

Here, defendant's alleged misconduct toward his female coworker is that he grabbed her, pulled her toward him, and put his mouth on her neck, leaving a large bruise. It also included other allegations that he had grabbed her buttocks or attempted to feel her breasts on other occasions. Defendant and the woman worked together at a prison. There is no evidence that they had a personal or familial relationship. The coworker delayed reporting the incident, supposedly because defendant was in a supervisory position and because of his alleged reputation for harassing and intimidating other employees by giving their home

addresses and telephone numbers to prison inmates and sending large volumes of junk mail to their homes. However, the differences between the uncharged conduct involving the coworker and the charged conduct involving the daughter far overshadow any similarity between the alleged incidents. In the coworker's case, defendant placed his mouth on his subordinate's neck; in the case of defendant's daughter, it was varied and periodic and involved sexual penetration. In the coworker's case, the sexual contact was accomplished by surprise, ambush, and force; in the daughter's case, the contact was the product of manipulation and abuse of parental authority. The coworker was a grown woman, and the daughter was a child. In the end, the workplace acts and their contextual circumstances are not remotely similar to the charged conduct and do not support any inference that defendant's charged conduct was part of a common plan. See *id.*

Although the coworker claimed to fear retaliation similar to the retaliation allegedly faced by one of the other witnesses, the credibility of a supporting witness is too ancillary a justification to support a determination that defendant used a common plan or scheme on the coworker and his daughter. Under the circumstances, the events surrounding the coworker and the events surrounding the daughter are simply too attenuated to conclude that the coworker's evidence fits within the common plan or scheme exception to MRE 404(b)(1). On appeal, the prosecution also argues that the coworker's testimony is relevant to the issue of defendant's daughter's credibility, which will be a key issue at trial. However, "evidence of sexual acts between the defendant and persons other than the complainant is not relevant to bolster the complainant's credibility because the acts are not part of the principal transaction." *Sabin, supra* at 70, citing *People v Jones*, 417

Mich 285, 289-290; 335 NW2d 465 (1983). Therefore, we reverse the trial court's decision to permit introduction of the coworker's evidence at the pending trial in the prosecutor's case-in-chief. Of course, if defendant should open the door to evidence regarding defendant's system of retaliation or witness suppression, then the coworker's testimony, if otherwise admissible, may be permitted in rebuttal for the limited purpose of verifying these pertinent systems or schemes of suppression.

Defendant also argues that the trial court abused its discretion by allowing testimony under MCL 768.27a regarding defendant's alleged sexual abuse of four other minors. We disagree. The recently enacted MCL 768.27a(1) provides, in relevant part:

> Notwithstanding [MCL 768.27, the statutory counterpart to MRE 404(b)(1)], in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant.

Defendant argues that the application of MCL 768.27a in this case violates the Ex Post Facto Clause, Const 1963, art 1, § 10, since most, if not all, of the alleged abuse occurred before the statute took effect on January 1, 2006. In *Calder v Bull*, 3 US (3 Dall) 386, 390; 1 L Ed 648 (1798), Justice Chase outlined the definition of an "ex post facto law." His definition included as a fourth category "[e]very law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender." *Id.*

When a defendant is charged with a sexual offense against a minor, MCL 768.27a allows prosecutors to

introduce evidence of a defendant's uncharged sexual offenses against minors without having to justify their admissibility under MRE 404(b). In many cases, it allows evidence that previously would have been inadmissible, because it allows what may have been categorized as propensity evidence to be admitted in this limited context. However, the altered standard does not lower the quantum of proof or value of the evidence needed to convict a defendant. In this case, for example, defendant could have been tried and convicted before this statute was enacted solely on the basis of his daughter's proposed testimony. That same testimony, if presented as it appears in the record, remains legally sufficient to support his conviction at his upcoming trial. Therefore, the standard for obtaining a conviction against defendant has not changed, and the application of MCL 768.27a to this case does not violate the Ex Post Facto Clause.

Defendant also argues that the statute violates the separation of powers because it amounts to legislative intrusion on the province of our Supreme Court, as set forth in the Michigan Constitution, Const 1963, art 6, § 5, to establish rules of practice and procedure for the administration of our state's courts. We agree that the Legislature may not enact a rule that is purely procedural, i.e., one that is not backed by any clearly identifiable policy consideration other than the administration of judicial functions. *McDougall v Schanz*, 461 Mich 15, 29-31; 597 NW2d 148 (1999). However, rules of evidence are not always purely procedural, and may have legislative policy considerations as their primary concern. *Id.* at 33-34.

In this case, MCL 768.27a is a substantive rule of evidence because it does not principally regulate the operation or administration of the courts. *Id.*; see also

*Muci v State Farm Mut Automobile Ins Co*, 478 Mich 178, 191; 732 NW2d 88 (2007). Instead, it reflects the Legislature's policy decision that, in certain cases, juries should have the opportunity to weigh a defendant's behavioral history and view the case's facts in the larger context that the defendant's background affords. Naturally, a full and complete picture of a defendant's history will tend to shed light on the likelihood that a given crime was committed. However, the risk that a defendant would suffer undue prejudice from the exposition of his or her past misdeeds has led the judiciary, as a matter of policy, to exclude most of this information from a jury's consideration. The decision to enact a statute like MCL 768.27a and to allow this kind of evidence in certain cases reflects a contrary policy choice, and it is no less a policy choice because it is contrary to the choice originally made by our courts. See *Sabin, supra* at 61 n 8. Therefore, MCL 768.27a is substantive in nature, and it does not violate the principles of separation of powers.

Finally, defendant points to the language of MCL 768.27a, which provides that evidence of prior sexual assault against a minor "may be considered for its bearing on any matter to which it is relevant," and argues that the evidence presented is not truly relevant to whether the alleged acts occurred. However, our cases have never suggested that a defendant's criminal history and propensity for committing a particular type of crime is irrelevant to a similar charge. On the contrary, it is because of the human instinct to focus exclusively on the relevance of such evidence that the judiciary has traditionally limited its presentation to juries. In cases involving the sexual abuse of minors, MCL 768.27a now allows the admission of other-acts evidence to demonstrate the likelihood of a defendant's criminal sexual behavior toward other minors. Al-

though we find this information extraordinarily pertinent to a given defendant's behavior in a similar case, we caution trial courts to take seriously their responsibility to weigh the probative value of the evidence against its undue prejudicial effect in each case before admitting the evidence. See MRE 403. In this case, the trial court did not abuse its discretion in allowing the evidence under MCL 768.27a at the pending trial.

Affirmed in part, reversed in part, and remanded for trial. We do not retain jurisdiction.