PEOPLE v WATKINS

Docket No. 277905. Submitted December 5, 2007, at Detroit. Decided
December 13, 2007, at 9:00 a.m. Leave to appeal granted, 480 Mich
1167.

Lincoln Watkins was charged with five counts of first-degree crimi-
nal sexual conduct (CSC I), MCL 750.520b(1)(a), and one count of
second-degree criminal sexual conduct (CSC II), MCL
750.520c(1)(a), for allegedly having sexual intercourse with a
12-year-old girl. The prosecutor moved to admit evidence of
similar acts through the testimony of Ekemini Williams, who
would have stated that the defendant repeatedly had intercourse
with her beginning when she was 15 years old, and Kesha Hobley,
who would have stated that the defendant sexually assaulted her
repeatedly as a 20-year-old. The court, Carole F. Youngblood, J.,
ruled that Hobley's testimony was inadmissible because Hobley
was an adult at the time of the alleged assaults, and that
Williams's testimony was inadmissible because it described activ-
ity that was too different from the victim's description of the
charged acts to prove a common plan or scheme under MRE
404(b). The prosecutor filed an interlocutory appeal. The Court of
Appeals upheld the trial court with respect to Hobley's testimony,
but ruled that Williams's testimony was admissible under MCL
768.27a to the extent it was evidence that the defendant had
committed a listed offense, as defined in MCL 28.722, against
Williams while she was a minor. *People v Watkins*, unpublished
order of the Court of Appeals, entered May 14, 2007 (Docket No.
277905). The defendant appealed this order in the Supreme Court,
which vacated the order and remanded the case to the Court of
Appeals for plenary consideration of whether MCL 768.27a con-
flicts with MRE 404(b) and, if so, whether the statute prevails over
the court rule. 479 Mich 853 (2007).

The Court of Appeals *held*:

MCL 768.27a, which allows a prosecutor to introduce evidence
that a defendant charged with a sexual offense against a minor has
also committed certain other uncharged offenses against minors,
is a substantive rule of evidence that is deeply rooted in policy
considerations and therefore it is controlling in situations in which
it conflicts with MRE 404(b), which states that evidence of other

crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. MCL 768.27a may apply to some of the proposed testimony of Williams, but not to that of Hobley, which does not describe an offense against a minor, as listed under that statute.

Affirmed in part, reversed in part, and remanded for further proceedings.

CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — EVIDENCE — UNCHARGED OFFENSES.

The statute allowing a prosecutor to introduce evidence that a defendant charged with a sexual offense against a minor has also committed certain other uncharged offenses against a minor is a substantive rule of evidence that prevails over the requirements of the rule of evidence on other crimes, wrongs, or acts to the extent that those requirements conflict with the statute (MCL 768.27a, MRE 404[b]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Janet A. Napp*, Assistant Prosecuting Attorney, for the people.

*Richard L. Cunningham* for the defendant.

Before: JANSEN, P.J., and O'CONNELL and FORT HOOD, JJ.

O'CONNELL, J. This matter is before us on remand by the Michigan Supreme Court "for plenary consideration of whether MCL 768.27a conflicts with MRE 404(b) and, if it does, whether the statute prevails over the court rule." *People v Watkins*, 479 Mich 853 (2007). We affirm in part, reverse in part, and remand for further proceedings.

Defendant stands charged with five counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a) (involving a child under the age of 13),

and one count of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(a) (involving a child under the age of 13). The following allegations were presented by the prosecution to support its pretrial motions.

The victim in the instant case was a 12-year-old girl whose family lived next door to defendant and whose father was defendant's business partner. The victim had known defendant and his wife since she was two years old and regarded defendant as a father figure. The victim babysat defendant's youngest child. In May 2006, defendant showed her a picture of his penis being inserted into a vagina. The next day, while she was playing video games with defendant's daughter in his bedroom, he touched her breasts. The day after that incident the victim was again babysitting at defendant's house when defendant sent his daughter into another room, unbuttoned the victim's pants, and told her to pull them down and get on his bed. She stood up and pulled down her pants, and when she bent over, defendant inserted his penis into her vagina from behind repeatedly until he ejaculated. She and defendant engaged in intercourse again in his bedroom the following day while she was babysitting his daughter. The victim claimed that she and defendant engaged in intercourse yet another time in defendant's bedroom and one time in his living room. The victim alleged that, about two weeks later, defendant asked her if she wanted to have sex, but she declined because she was menstruating. The victim claimed that defendant nevertheless instructed her to stand up and lift her skirt, and, when she complied, he inserted his penis into her vagina. The victim asserted that she worried that defendant might force her to have sexual intercourse in the future, so she told her mother that she had been having a sexual relationship with defendant.

Before defendant's first trial, which resulted in a mistrial, the trial court granted the prosecution's motion to admit evidence of similar acts through the testimony of Ekemini Williams and Kesha Hobley. At the first trial, Williams testified that defendant's wife is her first cousin and that she, Williams, met defendant when she was 14 years old. Williams loved defendant like a brother and often babysat for defendant's children. On one occasion when she was 15 years old, she visited defendant and his wife for the weekend and helped them with their infant. While alone with Williams, defendant commented on her sexual attractiveness, took her hand, and began leading her up the stairs to his bedroom on the second floor. Williams was reluctant to go upstairs, so defendant pulled down her pants and inserted his penis into her vagina while they were still in the hallway. After eventually moving to defendant's bedroom, they continued having intercourse until defendant ejaculated. Williams stated that the episode began a two-year sexual relationship, during which they had sexual encounters about 15 different times at defendant's home, her mother's home, and in empty houses where defendant was painting. Williams explained that defendant included her in his family; they went to an amusement park together, went out to eat together, and watched movies together.

Hobley, who is also a first cousin of defendant's wife, testified at the first trial as well. Hobley met defendant when she was 16 years old. Hobley moved in with defendant and his wife in 1998 when Hobley was 20 years old, and she lived with them for six or seven months. Hobley recalled that defendant sexually assaulted her several times during this period, and that he attempted to sexually assault her again in 2003.

On May 9, 2007, before the second trial began, the trial court granted defendant's motion for reconsideration and ruled that Hobley's testimony was not admissible because Hobley was a grown woman at the time of her nonconsensual sexual activity with defendant. The court further held that Williams's testimony was too different from the victim's description of the charged acts to justify the use of Williams's testimony to prove a common plan or scheme. Therefore, the court held that neither the court rules nor the recently enacted statute, MCL 768.27a, permitted the prosecutor to introduce the evidence in defendant's second trial.

On May 14, 2007, this Court issued an order that peremptorily reversed the trial court's order regarding Williams's testimony, but it affirmed the trial court's exclusion of Hobley's testimony. This Court's order remanded the case to the trial court and ordered it to determine which aspects of Williams's proposed testimony pertained to the commission of listed offenses under MCL 768.27a while Williams was a minor. Our Supreme Court vacated this Court's order and remanded the case to this Court "for plenary consideration of whether MCL 768.27a conflicts with MRE 404(b) and, if it does, whether the statute prevails over the court rule." *Watkins, supra* at 853.

The prosecution argues that the evidence regarding Williams and Hobley is admissible because there is a conflict between MCL 768.27a and MRE 404(b), and MCL 768.27a controls. Under the circumstances of this case, we agree. The decision whether to admit evidence will not be disturbed on appeal absent an abuse of discretion. *People v Katt*, 468 Mich 272, 278; 662 NW2d 12 (2003). However, when the decision whether to admit evidence involves a preliminary question of law,

as it does here, we review the legal issue de novo. *Id.*; *People v Kimble*, 470 Mich 305, 308-309; 684 NW2d 669 (2004).

MCL 768.27a(1) provides:

> [I]n a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant. If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence to the defendant at least 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered.

MRE 404(b)(1) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

Our Supreme Court has exclusive rulemaking authority with respect to matters of practice and procedure for the administration of our state's courts. Const 1963, art 6, § 5; *People v Pattison*, 276 Mich App 613; 741 NW2d 558 (2007). Generally, if a court rule conflicts with a statute, the court rule governs when the matter pertains to practice and procedure. *People v McGuffey*, 251 Mich App 155, 165; 649 NW2d 801 (2002). However, to the extent that the statute, as applied, addresses an issue of substantive law, the statute prevails. See *id.*

This Court recently held that "MCL 768.27a is a substantive rule of evidence because it does not principally regulate the operation or administration of the courts." *Pattison, supra* at 619.

MCL 768.27a allows evidence of other listed offenses to be admitted and "considered for its bearing on any matter to which it is relevant." Defendant is charged with CSC I, MCL 750.520b, and CSC II, MCL 750.520c, which are listed offenses. MCL 28.722(e)(*x*). At least some of the conduct described by Williams constitutes, at a minimum, third-degree criminal sexual conduct, MCL 750.520d(1)(a) (involving a child of at least 13 but less than 16 years of age). However, MRE 404(b)(1) dictates that evidence of other acts "is not admissible to prove the character of a person in order to show action in conformity therewith." Instead, other acts evidence is only admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material . . . ." MRE 404(b). As this Court noted in *Pattison, supra* at 618-619:

> . . . MCL 768.27a allows prosecutors to introduce evidence of a defendant's uncharged sexual offenses against minors without having to justify their admissibility under MRE 404(b). In many cases, it allows evidence that previously would have been inadmissible, because it allows what may have been categorized as propensity evidence to be admitted in this limited context.

Contrary to defendant's argument in the trial court, there is no real question that Williams's testimony, if believed, tends to increase the probability that defendant committed the charged offenses. MRE 401. Therefore, the evidence is plainly relevant for purposes of MCL 768.27a, and nothing indicates that it was a

primary consideration in the trial court. Instead, the trial court concluded that Williams's testimony about her sexual experiences with defendant was not similar enough to admit them as evidence of a common plan or scheme under MRE 404(b). However, similarity is simply an inapposite consideration under MCL 768.27a. Therefore, there is a conflict in this case between the statute and the court rule, because the trial court ruled, within its discretion, that MRE 404(b) required the exclusion of the evidence, while MCL 768.27a plainly allows the prosecutor to present at least some of the testimony to the jury.

We make determinations about whether court rules conflict with statutes on a case-by-case basis, recognizing that the Legislature has preeminence over substantive issues. *McDougall v Schanz*, 461 Mich 15, 36-37; 597 NW2d 148 (1999). The conflict here centers on the Legislature's substantive policy decision that in these cases "juries should have the opportunity to weigh a defendant's behavioral history and view the case's facts in the larger context that the defendant's background affords." *Pattison, supra* at 620. Because MCL 768.27a is a substantive rule of evidence deeply rooted in weighty policy considerations, it controls this issue. *McGuffey, supra* at 165. Consequently, we remand for a determination of which aspects of Williams's testimony related to the commission of listed offenses under MCL 768.27a. Those aspects of Williams's testimony are admissible. Hobley's testimony does not describe a listed offense against a minor, so MCL 768.27a simply does not apply, and we do not disturb the trial court's decision to exclude Hobley's testimony.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.