# Order

Michigan Supreme Court
Lansing, Michigan

April 17, 2009

135158

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

KOU XIONG,
      Defendant-Appellant.

_____/

SC: 135158
COA: 270213
Macomb CC: 2005-002939-FC

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

By order of April 23, 2008, the application for leave to appeal the September 25, 2007 judgment of the Court of Appeals was held in abeyance pending the decision in *People v Watkins* (Docket No. 135787). On order of the Court, leave to appeal having been denied in *Watkins*, 482 Mich 1114 (2008), the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, C.J. (*dissenting*).

I would grant defendant's application for leave to appeal. This appeal raises jurisprudentially significant issues including a defendant's right to a fair trial and the proper separation of powers between the Legislature and the judiciary. A failure to rule on this case will leave lower courts without guidance on these important issues, and some accused of crimes will likely receive disparate treatment across the state.

At issue here is the interplay between MCL 768.27a and MRE 404(b). Both govern the admissibility of so-called "other acts" evidence. MRE 404(b) does not allow the admission of such evidence to show a defendant's character or propensity to commit such acts. Rather, it allows the admission of such evidence only for other purposes, such as to show "proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident . . . ." MRE 404(b)(1).

By contrast, MCL 768.27a allows such evidence to be admitted for "any matter to which it is relevant," but is limited to proceedings involving defendants charged with "a listed offense against a minor." Listed offenses are set forth in section 2 of the sex offenders registration act, MCL 28.722.

A key question presented, therefore, is whether the statute or the rule of evidence controls in prosecutions for the listed offenses referred to in MCL 768.27a. In *People v Pattison*[1] and *People v Watkins*,[2] two cases examining MCL 768.27a, the Court of Appeals held that MCL 768.27a is constitutional and that it predominates over MRE 404(b). The Court based those decisions primarily on this Court's decision in *McDougall v Schanz*.[3] *McDougall* held that, where a court rule contravenes a legislative enactment in an area of substantive law, the court rule must yield.

Relying on *McDougall*, the Court of Appeals in *Pattison* concluded that "MCL 768.27a is a substantive rule of evidence because it does not principally regulate the operation or administration of the courts."[4] On remand to determine which provision controls when the two conflict, the *Watkins* panel ruled that MCL 768.27a predominates over MRE 404(b).[5]

This Court granted leave to appeal in *Watkins*.[6] However, after considering the parties' briefs and hearing oral argument, a majority decided to vacate our grant order and deny leave without further comment.[7] Justice Cavanagh wrote a statement dissenting from the denial of leave, which I joined.[8] This case, which had been held in abeyance for our disposition in *Watkins*, is before us once again.

The order granting leave in *Watkins* directed the parties to address each of the key issues involved in this case. Included among those issues were whether MCL 768.27a prevails over MRE 404(b) and whether MCL 768.27a interferes with the judicial power to ensure that a criminal defendant receives a fair trial. Another significant question is whether the decision to admit "other acts" evidence under section 27a must include a

---

[1] *People v Pattison*, 276 Mich App 613 (2007).

[2] *People v Watkins*, 277 Mich App 358 (2007).

[3] *McDougall v Schanz*, 461 Mich 15 (1999).

[4] *Pattison*, *supra* at 619.

[5] *Watkins*, *supra* at 365.

[6] *People v Watkins*, 480 Mich 1167 (2008).

[7] *People v Watkins*, 482 Mich 1114 (2008).

[8] *Id.* at 1114-1116 (Cavanagh, J., dissenting).

balancing analysis under MRE 403 to protect a defendant's due process rights.[9]  Each of these questions warrants examination by this Court.

First, the proper scope and application of *McDougall* remains an open question. *McDougall* held that a court rule must yield to a statutory provision if the provision concerns a matter of substance rather than procedure.  The *McDougall* Court noted that, although "the analytical exercise required will not always be an easy one, . . . it is ultimately this Court that will determine in each instance where the substance/procedure line must be drawn."[10]  Yet the Court declines to do so here.

Second, when a prosecutor seeks to admit evidence under MCL 768.27a, the question remains whether the trial court must balance the probative value with the prejudicial effect of that evidence.  The companion statute to section 27a, MCL 768.27b, expressly requires the trial court to evaluate the admissibility of otherwise relevant evidence under MRE 403.[11]  Section 27a has no such mandatory language.

In *Pattison*, the Court of Appeals held, with little explanation, that evidence admitted under section 27a is subject to the balancing test of MRE 403.[12]  However, Court of Appeals authority that holds to the contrary also exists.[13]  Moreover, some of

---

[9] MRE 403 requires that, even when evidence is relevant and otherwise admissible, it may be excluded if its prejudicial effect substantially outweighs its probative value.  The full rule reads:  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

[10] *McDougall*, *supra* at 31, 37.

[11] MCL 768.27b provides, in relevant part:
> (1) Except as provided in subsection (4), in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

[12] The *Pattison* Court "caution[ed] trial courts to take seriously their responsibility to weigh the probative value of the evidence against its undue prejudicial effect in each case before admitting the evidence.  See MRE 403." *Pattison*, *supra* at 621.

[13] See *People v Bennett*, peremptory order of the Court of Appeals, issued August 15, 2006 (Docket No. 272110) ("[A]ssuming the evidence relates to a 'listed offense' and assuming the evidence satisfies the low threshold of relevancy, *the statute implicitly precludes exclusion of the evidence under an MRE 403 analysis*.") (Emphasis added.)

the briefing in *Watkins* argued that MRE 403 does not and should not apply when determining the admissibility of propensity evidence under section 27a.[14] Without an answer from this Court, trial courts may very well come to different conclusions on the issue. I believe it is possible, even likely, that similarly situated defendants in various parts of the state may be treated differently by trial courts when this statute is applied.[15]

Finally, whether a trial court's failure to conduct a balancing test under MRE 403 could violate a defendant's constitutional rights is another weighty concern left unresolved by the Court's denial order.[16]

Whatever the merits of the Court of Appeals holdings in *Pattison* and *Watkins*, this Court needs to provide guidance to the lower courts on the issues raised in this case. Yet a majority of this Court has again chosen to deny leave to appeal rather than provide helpful answers. I dissent and would grant the application for leave to appeal.

CAVANAGH, J., joins the statement of KELLY, C.J.

---

[14] Amicus Curiae Brief for Attorney General Michael A. Cox, Livingston County Prosecutor David L. Morse, and Oakland County Prosecutor David G. Gorcyca, pp 13-33; Amicus Curiae Brief for the Prosecuting Attorneys Association of Michigan, pp 13-14.

[15] At a minimum, it appears that prosecutors in Livingston and Oakland Counties may argue at the trial court level that MRE 403 does not apply to MCL 768.27a. See note 14 of this statement.

[16] See *United States v LeMay*, 260 F3d 1018 (CA 9, 2001) ("As long as the protections of [the analogous federal] Rule 403 remain in place to ensure that potentially devastating evidence of little probative value will not reach the jury, the right to a fair trial remains adequately safeguarded.").



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 17, 2009

*Corbin R. Davis*

Clerk

p0414