FITZGERALD V BOARD OF HOSPITAL MANAGERS FOR THE CITY OF FLINT, No. 138224; Court of Appeals No. 280032.

KELLY, C.J., and HATHAWAY, J. We would grant leave to appeal.

RICHARDSON V RWC, INC, No. 138246; Court of Appeals No. 287521.

PEOPLE V NIEMIEC, Nos. 138256 and 138257, Court of Appeals Nos. 277212 and 277237.

KELLY, C.J. I would grant leave to appeal for the reasons set forth in my dissenting statement in *People v Xiong*, 483 Mich 951 (2009).

MOORE V MOORE, No. 138283; Court of Appeals No. 288088.

LOVELAND V SPECTRUM HEALTH, No. 138329; Court of Appeals No. 278497.

KELLY, C.J., and CAVANAGH and HATHAWAY, JJ. We would grant leave to appeal.

BECKER V GLAISTER, No. 138335; Court of Appeals No. 281481.

KELLY, C.J., and CAVANAGH and HATHAWAY, JJ. We would grant leave to appeal.

ADRINE V EVENT STAFFING, INC, No. 138414; Court of Appeals No. 281360.

OTTAWA COUNTY V POLICE OFFICERS ASSOCIATION OF MICHIGAN, No. 138422; reported below: 281 Mich App 668.

*Reconsideration Granted June 10, 2009:*

PEOPLE V WHITAKER, No. 137554. On reconsideration, we modify the second sentence of our previous order to state as follows: "The Wayne Circuit Court shall order a new trial unless it finds (a) that Stephanie McClung's absence at trial could not have been remedied by reasonable efforts to compel her attendance, or (b) that Stephanie McClung's absence from the first trial was harmless beyond a reasonable doubt. *People v Anderson (After Remand)*, 446 Mich 392, 405-406 (1994)." In all other respects, the motion for reconsideration is denied. We do not retain jurisdiction. Summary disposition entered at 483 Mich 879. Court of Appeals No. 278828.

*Leave to Appeal Denied June 12, 2009:*

PEOPLE V NATHANIEL WARD, No. 137979; Court of Appeals No. 288318.

YOUNG, J. *(concurring)*. I concur in this Court's order denying defendant's application for leave to appeal and write separately to respond to Chief Justice KELLY's dissent. Chief Justice KELLY's dissent reveals an unusual perspective of criminal law and criminality in general. What Chief Justice KELLY vilifies as a "ruse" and "subterfuge" is a legitimate law enforcement tactic to safely apprehend a known drug dealer. Further,