*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v

KEVIN RAY BRANCH,

       Defendant-Appellee.

UNPUBLISHED
May 23, 2024

No. 368284
Kalamazoo Circuit Court
LC No. 2022-001216-FC

Before: YATES, P.J., and CAVANAGH and BOONSTRA, JJ.

PER CURIAM.

In this interlocutory appeal, the prosecution appeals by leave granted[1] the trial court's order denying, in part, its motion to introduce other-acts evidence at defendant's trial on one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a), and three counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a). The prosecution first argues that the trial court erred by denying its motion to introduce other-acts evidence in the form of testimony from another complainant, CC. The prosecution asserts that the trial court erroneously concluded that the evidence's probative value was substantially outweighed by the danger of unfair prejudice to the defense. The prosecution contends that the similarities between the complainants' allegations against defendant render the other-acts evidence highly probative and, therefore, the evidence should be admissible. The prosecution next argues that the trial court erred by limiting the prosecution's ability to present evidence of defendant's inappropriate touching of the complainant, KB's, buttocks. The prosecution asserts that the trial court's primary reason for limiting such evidence—a concern over jury unanimity—was misplaced and reflected a misunderstanding of the law. We vacate the trial court's order and remand for further proceedings.

---

[1] *People v Branch*, unpublished order of the Court of Appeals, entered January 17, 2024 (Docket No. 368284).

## I. FACTS

This case stems from the alleged criminal sexual conduct that defendant perpetrated against the complainant, KB, when she was 12 to 15 years old. At the preliminary hearing in this case, KB testified that the abuse occurred between June 2014 and June 2018 while she lived with defendant, her adoptive father. KB alleged that, immediately following her twelfth birthday, defendant began touching her inappropriately and assaulting her in their home. KB testified that defendant touched her genitals, breasts, and buttocks on a frequent basis until she was nearly 16 years old. KB further testified that defendant employed manipulation tactics, such as not allowing her to visit her friends or engage in activities unless she complied with his sexual requests. KB also testified that defendant used threats to ensure her compliance and discretion about the abuse.

Following the preliminary hearing, the prosecution moved to introduce other-acts evidence pursuant to MCL 768.27a and MRE 404(b). The motion indicated that the prosecution intended to introduce evidence of sexual acts committed by defendant against KB during periods not reflected in the felony information—which only noted that the charged offenses occurred between June 2014 and June 2015—and evidence of sexual acts committed by defendant against another complainant, CC, while CC was a minor living in defendant's home. Defendant objected to the prosecution's motion, arguing that the probative value of that other-acts evidence was substantially outweighed by the danger of unfair prejudice and had the ability to mislead and confuse the jury.

At the initial hearing on the prosecution's motion, CC testified that defendant, who was her stepfather, sexually abused her between the ages of 7 and 13, which was from approximately 1985 to 1991. CC testified that defendant employed manipulation tactics with her, such as restricting her ability to visit friends until she complied with his sexual requests. CC also testified that, when she was 13 years old, she disclosed the abuse to her friend's mother, who promptly involved the police and Children's Protective Services (CPS). CC explained that she recanted her allegations after coercion from her mother and threats from family members. CC testified that she never brought renewed charges against defendant because she wanted to bury what happened.

After three hearings on the prosecution's motion, the trial court ruled that the other-acts evidence presented through CC's testimony was inadmissible under MCL 768.27a and MRE 404(b) because its probative value was substantially outweighed by the danger of unfair prejudice to defendant. In contrast, the trial court concluded that the other-acts evidence presented through KB's additional testimony was admissible, with limited exception, under MCL 768.27a and MRE 404(b) because its probative value was not substantially outweighed by the danger of unfair prejudice to defendant.

The prosecution now appeals.

## II. ANALYSIS

The prosecution argues that the trial court erred by excluding, in its entirety, its other-acts evidence presented through CC's testimony and by placing a limitation on the admission of its other-acts evidence presented through KB's additional testimony. We agree.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010). "A trial court abuses its discretion

when its decision falls outside the range of reasonable and principled outcomes," or when it "makes an error of law." *People v Swain*, 288 Mich App 609, 628-629; 794 NW2d 92 (2010). "When the decision involves a preliminary question of law however, such as whether a rule of evidence precludes admission, we review the question de novo." *Mardlin*, 487 Mich at 614. Likewise, the proper interpretation and application of statutes is reviewed de novo. *People v Comer*, 500 Mich 278, 287; 901 NW2d 553 (2017).

MCL 768.27a allows evidence of other acts to be admitted in criminal cases involving certain sexual offenses perpetrated against minors.[2] *People v Pattison*, 276 Mich App 613, 618; 741 NW2d 558 (2007). In *People v Watkins*, 491 Mich 450, 468; 818 NW2d 296 (2012), our Supreme Court held that MCL 768.27a irreconcilably conflicts with, and supersedes, MRE 404(b), which requires the "exclusion of other-acts evidence if its only relevance is to show the defendant's character or propensity to commit the charged offense." In contrast, MCL 768.27a allows the introduction of certain other-acts evidence "for its bearing on any matter to which it is relevant," which includes evidence of a defendant's character and propensity to commit the charged offense. *Id*. at 470. Therefore, unlike MRE 404(b), the purpose of MCL 768.27a "is to allow juries to consider evidence of other acts the defendant committed to show the defendant's character and propensity to commit the charged crime." *Id*. at 486.

Evidence that is admissible under MCL 768.27a may still be excluded, however, under MRE 403. *Id*. at 481. MRE 403 permits a trial court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[3] Given that MCL 768.27a expressly authorizes character and propensity evidence, when a trial court employs MRE 403 to evidence admissible under MCL 768.27a, it "must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Id*. at 487. Our Supreme Court has held that this does not mean "that other-acts evidence admissible under MCL 768.27a may never be excluded under MRE 403 as overly prejudicial." *Id*. Indeed, "[t]here are several considerations that may lead a court to exclude such evidence," such as:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id*. at 487-488.]

---

[2] The trial court found, and the parties do not dispute on appeal, that CC's allegations against defendant and KB's testimony about defendant's uncharged conduct involve offenses that qualify as listed sexual offenses under MCL 768.27a.

[3] The Michigan Rules of Evidence were substantially amended on September 20, 2023, effective January 1, 2024. See ADM File No. 2021-10, 512 Mich lxiii (2023). This opinion relies on the version of the rules in effect at the time this matter was decided.

Our Supreme Court has noted that "[t]his list of considerations is meant to be illustrative rather than exhaustive." *Id*. at 488. Further, in conducting this analysis, trial courts should apply the balancing test of MRE 403 to "each separate piece of evidence offered under MCL 768.27a." *Id*. at 489.

A. CC'S TESTIMONY

The prosecution moved to introduce other-acts evidence in the form of CC's testimony about the alleged sexual abuse that defendant perpetrated against her while she lived in his house as his stepdaughter. After conducting its analysis under MCL 768.27a and MRE 404(b), the trial court concluded that this other-acts evidence was inadmissible because the danger of unfair prejudice to defendant substantially outweighed the evidence's probative value. On appeal, the prosecution argues that the trial court's analysis of the temporal proximity and reliability factors of the MRE 403 analysis for evidence admissible under MCL 768.27a was erroneous. We agree.

Regarding temporal proximity, the trial court concluded that it weighed against admission because the other acts were not temporally proximate to the charged offenses. We disagree. This Court has held that, "[u]nder MRE 403, evidence of prior acts committed 17 years before many of the charged offenses presents a risk that the jury may give undue weight to the other-acts evidence and overlook reasonable doubts stemming from a lack of evidence presented in support of the current charges." *People v Hoskins*, 342 Mich App 194, 205-206; 993 NW2d 48 (2022). Indeed, "the strength of the propensity inference is weakened when a very long period of time has passed between the prior acts and the current charges." *Id*. However, it is noteworthy that "MCL 768.27a does not contain a temporal limitation," and, therefore, this Court has also held that "[t]he remoteness of the other act affects the weight of the evidence rather than its admissibility." *People v Brown*, 294 Mich App 377, 387; 811 NW2d 531 (2011). In *People v Solloway*, 316 Mich App 174, 195; 891 NW2d 255 (2016), this Court upheld the admission of other-acts evidence under MCL 768.27a that occurred approximately 12 years before the charged offense, noting that, although the acts occurred years apart, they were similar in nature and, therefore, "the temporal divide between their occurrences, standing alone, does not preclude the evidence's admission." This Court has since clarified that this reasoning "suggests that a lengthy temporal proximity supports exclusion of other-acts evidence when the other acts and the charged crime lack similarities." *Hoskins*, 342 Mich App at 206.

In this case, the record reflects that CC was 45 years old when she testified at the motion hearing. She testified that defendant sexually assaulted her repeatedly when she was between the ages of 7 and 13 years old, which was approximately from 1985 to 1991. There was a gap in time from 1991, when defendant ceased his abuse of CC, until 2014, when he began his abuse of KB. Accordingly, there is a lengthy temporal divide between the acts. However, the similarity between the other acts and the charged acts suggests that the temporal remoteness between the acts, by itself, should not impede admission.

Although the trial court found the temporal remoteness between the alleged abuse perpetrated against CC and the alleged abuse perpetrated against KB troublesome, the trial court did not rely on this temporal divide alone to support the suppression of the other-acts testimony. Instead, it found that the temporal divide between the acts was of a sufficient length to undermine the reliability of the other-acts evidence. Specifically, the trial court concluded that the passage of

23 years between the acts had effectively deprived defendant of any avenue to meaningfully attack CC's credibility or the reliability of the testimony that she intended to provide. The trial court reasoned that CC's mother, whom it deemed was a key witness, was unavailable to testify because she was deceased, and the CPS records and police reports related to CC's allegations against defendant were unable to be located.

We conclude that the trial court overstated the impact of the 23-year separation between the acts. During the motion hearing, CC acknowledged that she recanted her allegations shortly after asserting them, remained silent about the sexual abuse for over 30 years, and only came forward with the disclosure after she was approached by the prosecution in relation to the instant case. Therefore, defendant may properly test and attempt to undermine CC's credibility and the reliability of her testimony through cross-examination about her recantation and decisions to remain silent for several decades and to testify against defendant in this case. Accordingly, the temporal remoteness of the other-acts evidence does not necessarily undermine defendant's ability to test the reliability of CC and her testimony. Therefore, this factor should not have weighed for or against admission of the other-acts evidence. Indeed, although there was a significant gap in time between the acts, they were so similar in nature that the temporal divide should not have served to preclude admission.

Regarding the lack of reliability of the evidence, the trial court concluded that the lack of CC's mother's testimony and the lack of any documentation of her allegations against defendant undermined the reliability of the evidence and that, therefore, this factor weighed against admission of the evidence. We disagree.

Beginning first with the inability to have CC's mother testify, it is worth noting that the trial court did not find CC's testimony that her mother coerced her into recanting her allegations against defendant unreliable but, rather, believed that the inability to present CC's mother as a witness to corroborate this undermined the overall reliability of CC's testimony. Although CC's mother was unavailable, CC also testified about confiding in her brother about the abuse and receiving threats from a cousin about disclosing the abuse. Therefore, there were at least some potential witnesses whom defendant could have called to verify CC's recollection of events, but he chose not to. In addition to this, at the motion hearing, the trial court found that CC's testimony was unreliable because it could not be corroborated by CPS records or police reports. However, "[i]n criminal sexual conduct cases, a victim's testimony may be sufficient to support a defendant's conviction and need not be corroborated." *Solloway*, 316 Mich App at 181. See MCL 750.520h. Although the primary complainant in this case is KB, it follows that, if physical evidence to corroborate CC's allegations against defendant would be unnecessary to find him guilty of CSC-I for the acts that he allegedly perpetrated against her, her testimony would likewise not need corroboration by physical evidence to be reliable enough to serve as other-acts evidence in the instant case.

On appeal, defendant argues that permitting CC to testify about the alleged acts would be highly prejudicial because he has limited ability to investigate her allegations since there is no physical evidence corroborating the allegations. We disagree and posit that defendant could have attempted to undermine the credibility of CC's testimony on the basis of the lack of physical documentation through cross-examination. Further, in concluding that the reliability factor weighed against admission of the other-acts evidence, the trial court necessarily made a credibility

determination of its own that CC's testimony, without corroborating evidence, was not credible enough to submit to the jury. However, "issues of witness credibility are for the trier of fact," *People v Unger*, 278 Mich App 210, 232; 278; 749 NW2d 272 (2008), and "[t]his Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses," *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

Therefore, the credibility of CC's testimony was best left to the trier of fact, not the trial court. Indeed, the trial court determined that CC's testimony at the motion hearing was very compelling, and, accordingly, because there was no evidence presented that directly undermined CC's testimony, such as a witness refuting her testimony, the reliability of the evidence was not so lacking as to preclude admission of the evidence. In fact, it appears as though submission to the trier of fact would have been the best gauge of the credibility of CC's testimony. Moreover, the trial court failed to recognize that the similarities between the alleged abuse suffered by CC and KB served to bolster the reliability of CC's testimony. Indeed, our Supreme Court has indicated that consistency between the testimony of multiple victims supports the reliability of the evidence. *People v Beck*, 510 Mich 1, 22; 987 NW2d 1 (2022). For these reasons, this factor should have weighed in favor of admission.

Viewing all six factors cumulatively,[4] we conclude that the danger of unfair prejudice to defendant does not substantially outweigh the probative value of CC's testimony. The sexual abuse that both CC and KB allege that they suffered by defendant is substantially similar in nature, including that both women were young girls in father-daughter relationships with defendant at the time of the abuse. CC and KB both also testified that defendant employed manipulation tactics to ensure their compliance, such as prohibiting them from engaging in activities or visiting friends until they complied with his sexual requests and using threats to ensure their silence. These similarities bolster the credibility and reliability of both complainants' testimonies and, therefore, should have been admitted under MCL 768.27a. Accordingly, the trial court erred by denying the prosecution's motion to introduce other-acts evidence through CC's testimony.

Like its analysis under MCL 768.27a, the trial court also concluded that the other-acts evidence was inadmissible under MRE 404(b) because the danger of unfair prejudice to defendant substantially outweighed the evidence's probative value. We disagree. Under MRE 404(b)(1), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but such evidence may be admissible for another purpose,

> such as proof of motive, opportunity, intent, preparation, scheme, plan, or system
> in doing an act, knowledge, identity, or absence of mistake or accident when the

---

[4] The trial court concluded that the first factor, the dissimilarity between the other acts and the charged crime; the third factor, the infrequency of the other acts; and the sixth factor, the lack of need for evidence beyond the complainant's and defendant's testimony, all weighed in favor of admission of the other-acts evidence. The trial court also determined that the fifth factor, the presence of intervening acts, weighed neither in favor nor against admission because it was not an issue in this case. We agree with the trial court's analysis of these factors.

-6-

same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

In this case, CC's testimony established that defendant's alleged abuse of KB was part of a common plan or scheme in which he would perpetrate sexual abuse against young girls with whom he had a father-daughter relationship. In addition to this, CC's testimony supports the theory that defendant's abuse perpetrated against KB was not a mistake or accident because defendant had committed similar acts in the past under very similar circumstances. Further, CC's testimony served to bolster the credibility of KB's testimony. Therefore, for the same reasons discussed under the admissibility analysis of MCL 768.27a, the probative value of CC's testimony was not substantially outweighed by the danger of unfair prejudice. Accordingly, the trial court erred by excluding CC's testimony.

## B. KB'S ADDITIONAL TESTIMONY

The prosecution also moved to introduce other-acts evidence in the form of additional testimony from KB about sexual abuse that she endured at the hands of defendant beyond the age of 12, which constituted uncharged conduct. In conducting its admissibility analysis of this evidence under MCL 768.27a, the trial court determined that all factors, except for Factor 4, weighed in favor of admission of the evidence. As to Factor 4, the presence of intervening acts, the trial court noted that, similar to CC's testimony, the presence of intervening acts was not at issue in this case. Therefore, the trial court concluded that the evidence was admissible with a limited exception. The exception pertained to jury unanimity, with the trial court noting that it believed the acts described to satisfy Count 4—CSC-II under a theory of defendant touching KB's buttocks—were too general and that, therefore, the jury might struggle with coming to a unanimous verdict. Specifically, the trial court noted that it was confident it could craft final jury instructions that made it clear to the jury which specific instances the other charges referred to, but it lacked the same confidence as to the final charge. We conclude that these statements by the trial court indicate a misunderstanding of the requirement of specific unanimity instructions.

This Court has held that "[a] defendant has the right to a unanimous verdict" and that "[u]nder most circumstances, a general instruction on the unanimity requirement will be adequate." *People v Martin*, 271 Mich App 280, 338; 721 NW2d 815 (2006). However,

> when the state offers evidence of multiple acts by a defendant, each of which would satisfy the actus reus element of a single charged offense, the trial court is required to instruct the jury that it must unanimously agree on the same specific act if the acts are materially distinct or if there is reason to believe the jurors may be confused or disagree about the factual basis of the defendant's guilt. [*People v Cooks*, 446 Mich 503, 530; 521 NW2d 275 (1994).]

Therefore, a specific unanimity instruction is required when the acts used to prove a single conviction are factually dissimilar or fall into conceptually distinct categories. See *id*. at 516. In contrast, when the prosecution presents "evidence of a series of materially indistinguishable acts, each of which would factually satisfy the actus reus element of the alleged criminal offense," a specific unanimity instruction is not required. *Id*. at 517.

KB's testimony about the instances that she recalled defendant inappropriately touching her buttocks were not materially distinguishable acts. Rather, each instance blurred together as each recollection was general in nature and lacked specific details that would allow the jury to conclude that different acts satisfied the *actus reus* of the same charged offense. Accordingly, jury unanimity was not an issue, and the trial court's limitation on admission of the other-acts evidence on this basis constituted error. Therefore, the trial court erred by placing a limitation on the admission of the prosecution's other-acts evidence presented through KB's additional testimony under MCL 768.27a and MRE 404(b).

## III. CONCLUSION

The trial court erred by excluding, in its entirety, the prosecution's other-acts evidence presented through CC's testimony and by placing a limitation on the admission of the prosecution's other-acts evidence presented through KB's additional testimony. In weighing the probative value of these pieces of evidence against the danger of unfair prejudice to defendant, we conclude that both pieces of evidence are admissible under MCL 768.27a and MRE 404(b).

Vacated and remanded for further proceedings. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra