*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRADLEY ALAN BERKLUND,

        Defendant-Appellant.

FOR PUBLICATION
October 23, 2024
12:19 PM

No. 367568
Newaygo Circuit Court
LC No. 2023-013203-FH

Before: N. P. HOOD, P.J., and O'BRIEN and REDFORD, JJ.

N. P. HOOD, P. J. (*concurring in part, dissenting in part*).

I respectfully dissent. This case involves a permissible but unusual use of MCL 768.27b's statutory carveout to admit other-acts evidence. Instead of introducing evidence of a prior act of sexual assault in a present sexual-assault case, or introducing evidence of a prior act of domestic violence in a present domestic-violence case, the prosecution sought to admit evidence of a prior act of sexual assault in the present domestic-violence case. I agree with the majority's conclusion in Part III that MCL 768.27b(1) permits the admission of this evidence, subject to MRE 403. I also agree with the majority's conclusion in Part IV to the extent it concludes that the proposed other-acts evidence meets the low hurdle of relevance. But I disagree with the majority's assumption in Part IV that the facts underlying Berklund's prior conviction of criminal sexual conduct are evidence of his propensity to commit the domestic violence at issue in this case. This leads to my broader disagreement with the majority's analysis and conclusions in Part V regarding the required analysis under MRE 403.

Although MCL 768.27a and 27b make no reference to "propensity" evidence, we have long accepted that MCL 768.27b permits the admission of propensity evidence. *People v Watkins*, 491 Mich 450, 470-471; 818 NW2d 296 (2012). It operates as a statutory carveout to MRE 404(b), which permits the introduction of other-acts evidence for certain purposes other than to show conduct in conformity therewith. See MRE 404(b). See also *Watkins*, 491 Mich at 468-469. In other words, MRE 404(b) permits other-acts evidence for a nonpropensity purpose, and MCL 768.27b permits other-acts evidence (of domestic violence or sexual assault) for any purpose for which it is relevant. See *Watkins*, 491 Mich at 469-472. Usually, that means propensity. See, e.g., *People v Flanagan*, unpublished per curiam opinion of the Court of Appeals, issued

November 29, 2012 (Docket No. 305762), p 3; *People v Sweeney*, unpublished per curiam opinion of the Court of Appeals, issued June 13, 2017 (Docket No. 330662), p 7; *People v Buelteman*, unpublished per curiam opinion of the Court of Appeals, issued June 11, 2020 (Docket No. 347272), p 3; *People v Gonzalez*, unpublished per curiam opinion of the Court of Appeals, issued November 17, 2022 (Docket No. 354251), p 6; *People v Mathey*, unpublished per curiam opinion of the Court of Appeals, issued July 18, 2024 (Docket No. 363120), p 3. And as the majority correctly observes, our Supreme Court has held that "a defendant's propensity to commit a crime makes it more probable that he committed the charged offense," see *Watkins*, 491 Mich at 470, so MCL 768.27b permits the admission of evidence that MRE 404(b) precludes.

But usually the questions of whether and to what degree statutory other-acts evidence is evidence of one's propensity to commit the charged offense are simpler determinations. The prosecution ordinarily will offer evidence of a prior act of domestic violence as evidence that a defendant committed a new act of domestic violence. Or the prosecution will offer evidence of a prior act of sexual assault as evidence that a defendant committed a new act of sexual assault. With similar prior offenses, the propensity value is high. And as a result, the statutory other-acts evidence will weigh on the probative-value side of the scale, rather than the unfair-prejudice side, during the required MRE 403 analysis. See *Watkins*, 491 Mich at 486-490. This is how 27b evidence normally operates.

Here, however, we have an unusual application of 27b. As stated, the prosecution sought to admit evidence of Berklund's prior sexual assault, specifically a sexual assault against a minor, in a pending prosecution for domestic violence, i.e., assault by strangulation. I agree that this is permitted. But this unusual use of 27b requires the trial court to specifically address (1) whether and to what degree the statutory other-acts evidence is actually evidence of propensity to commit the charged offense, (2) if not, what the other relevant purpose is for its admission under 27b, and (3) based on the answers to those questions, analyze MRE 403 under a different or amplified version of the *Watkins* framework. I address each of these considerations in turn.

The proposed evidence is propensity evidence and meets the low hurdle of relevance. See *People v O'Neal*, 497 Mich 892 (2014) (VIVIANO, J., dissenting) (acknowledging that the bar for admission of other-acts evidence is relatively low, but still requires the trial court to conduct a basic analysis to ensure the bar is cleared). See also *Watkins*, 491 Mich at 469-471. Our Supreme Court has recognized that "a defendant's character and propensity to commit the charged offense is highly relevant because 'an individual with a substantial criminal history is more likely to have committed a crime than is an individual free of past criminal activity.' " *Watkins*, 491 Mich at 470, quoting *People v Allen*, 429 Mich 558, 566; 420 NW2d 499 (1988). Many of our analyses regarding whether one crime is evidence of propensity to commit another crime involve two offenses of the same nature. See *Watkins*, 491 Mich at 475, citing *McKune v Lile*, 536 US 24, 33, 122 S Ct 2017, 153 L Ed 2d 47 (2002) (discussing the valid policy reasons supporting the Legislature's decision to allow other-acts evidence in certain cases; stating, "[w]hen convicted sex offenders [including child molesters] reenter society, they are much more likely than any other type of offender to be arrested for a new rape or sexual assault."). But our Supreme Court seems to have acknowledged that, generally, prior convictions are evidence of propensity to commit new crimes. See *Watkins*, 491 Mich at 470, citing *People v Pattison*, 276 Mich App 613, 620; 741 NW2d 558 (2007) (acknowledging this general rule, and observing "it is because of the human

instinct to focus exclusively on the relevance of such evidence that the judiciary has traditionally limited its presentation to juries.").

This broadly-framed general rule and the specifics of this case lead me to conclude that the acts here were propensity evidence. As the majority describes, the acts here are of a different nature but bear some similarities. In short, both the other-acts evidence and the allegations in this case involve Berklund committing an extremely violent assault against a woman (or girl) alone in the woods. There are, however, critical differences. For example, the other-acts evidence occurred approximately 20 years ago, it involved a minor instead of an adult, it involved a sexual assault whereas this case does not, and it involved a weapon whereas this case arguably[1] did not. In other words, there are significant differences that should cause the trial court to question whether this is propensity evidence at all. Ultimately the modest similarities are sufficient to conclude that the other-acts evidence carries some modicum of propensity evidence sufficient to get over the hump for relevance.[2] Because it is propensity evidence, albeit propensity evidence with low probative value, I move to the 403 analysis.

Even though the proposed statutory other-acts evidence is propensity evidence, the extent to which it demonstrates a propensity to commit the charged conduct is low, which must affect how the trial court analyzes MRE 403. When the other-acts evidence is sufficiently different so as to diminish the propensity value, the *Watkins* analysis may not apply in the same way that it normally does.

In *Watkins*, our Supreme Court upheld the validity of MCL 768.27a—the sister statute to MCL 768.27b—and provided a framework for analyzing MRE 403 in relation to statutory other-acts evidence. See *Watkins*, 491 Mich at 481-490. Regarding the balancing test in MRE 403, *Watkins* held that propensity evidence admitted under MCL 768.27a counts toward probative value, not unfair prejudice. *Id*. at 486. As the majority observes, it stated;

> As with any balancing test, MRE 403 involves two sides of a scale—a probative side and a prejudicial side. Propensity evidence is prejudicial by nature, and it is precisely the danger of prejudice that underlies the ban on propensity evidence in MRE 404(b). Yet were a court to apply MRE 403 in such a way that other-acts evidence in cases involving sexual misconduct against a minor was considered on the prejudicial side of the scale, this would gut the intended effect of MCL 768.27a, which is to allow juries to consider evidence of other acts the defendant committed to show the defendant's character and propensity to commit the charged crime. To weigh the propensity inference derived from other-acts evidence in cases involving sexual misconduct against a minor on the prejudicial side of the balancing test

---

[1] It is arguable whether the allegation that Berklund poured water down the complainant's throat, a potential form of torture, amounts to the use of a weapon.

[2] I can easily imagine a case where proposed statutory other-acts evidence under 27b is not actually evidence of a propensity to commit the charged offense. If, for example, Berklund's prior sexual assault occurred in a different location, I would struggle to conclude that a sexual assault against a minor demonstrates a propensity to strangle an adult in the woods approximately 20 years later.

> would be to resurrect MRE 404(b), which the Legislature rejected in MCL 768.27a.
> [*Watkins*, 491 Mich at 486.]

In other words, the 403 analysis is inverted. See *id.* What would count toward unfair prejudice in the context of MRE 404(B) other-acts evidence, counts toward probative value. See *id.* But, as identified in the above quoted language, the Court's analysis in *Watkins* was rooted in the fact that the Legislature intended to allow juries to draw inferences that individuals who previously committed a sex crime against a minor have propensities to do it again. See *id.* at 486.

Here, however, where a prior sex crime against a minor is introduced in a trial for an extreme domestic-violence offense, it is not clear that this balancing test should work in the same way. The probative value of Berklund's prior child sex-crime conviction is substantially lower than if he had a prior domestic-violence conviction. *Watkins* offers little guidance on how to handle this scenario. And it seems that its inverted MRE 403 analysis may not apply in the same way, if at all.

The trial court addressed two of the *Watkins* factors, but it did so with the apparent understanding that the statutory other-acts evidence would weigh in favor of probative value. With this unique application of 27b, it is not clear to me that it does. Instead of affirming, I would remand for the trial court to reassess MRE 403 with the understanding that *Watkins*'s inverted balancing test does not necessarily apply to 27b evidence when it is used this way.

/s/ Noah P. Hood