# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JOSHUA LEE MOSHER,

      Defendant-Appellant.

UNPUBLISHED
May 21, 2015

No. 320444
Ottawa Circuit Court
LC No. 13-037693-FC

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Defendant Joshua Lee Mosher was convicted by a jury of three counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a) (victim less than 13 years of age). Defendant was sentenced to 25 to 50 years in prison and appeals by right. We affirm.

Defendant argues that he was denied a fair trial by several statements made by a detective vouching for the victim's credibility during defendant's interrogation, a video of which was admitted into evidence and played for the jury.[1] Defendant, however, waived this claim by affirmatively agreeing on the record to the contents of the video as played for the jury. See *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000). The record indicates that defense counsel and the prosecutor reviewed the interrogation video before trial and cut out portions that they agreed were inadmissible; the statements now challenged on appeal were not excluded by the parties. Defendant confirmed this agreement on the record. A defendant is not allowed to waive objection to an issue at trial and then claim error on appeal. *People v Fetterley*, 229 Mich App 511, 520; 583 NW2d 199 (1998). "To hold otherwise would allow [a] defendant to harbor error as an appellate parachute." *Id.* Accordingly, defendant is not entitled to relief on this claim.

Defendant additionally argues that his counsel was ineffective for failing to move to redact the challenged portions of the interrogation video. Our review is limited to mistakes apparent on the lower court record. *People v Fike*, 228 Mich App 178, 181; 577 NW2d 903 (1998). Counsel is ineffective if the defendant establishes that counsel's performance fell below

---

[1] The challenged video is part of the record before this Court and has been viewed by the panel.

-1-

an objective standard of reasonableness and, but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Having reviewed the video, we conclude that defense counsel's performance fell below an objective standard of reasonableness with respect to some of the challenged statements that improperly vouched for the victim's credibility and did not appear to provide any necessary context to defendant's responses. See *People v Musser*, 494 Mich 337, 355-356; 835 NW2d 319 (2013). We discern no sound trial strategy in failing to move to redact these statements because challenging the credibility of the victim was necessary to defense counsel's trial strategy. Nevertheless, defendant fails to show any reasonable probability that the outcome of his trial would have been different but for counsel's error. *Carbin*, 463 Mich at 600. Not all of the challenged statements were inadmissible. Those that were occurred on few occasions in the context of a 90-minute video. Further, the detective repeatedly asserted throughout the interrogation video that he believed that the victim initiated contact with defendant, which contravened the victim's testimony at trial. The detective also testified before the video was played for the jury that he did not believe the truth of many of his statements during the interrogation. The detective never clarified what or who he believed in this case. In addition, both the victim and defendant testified at trial and, therefore, the jury had the opportunity to assess their respective credibility. See *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). Accordingly, defendant fails to show that, absent counsel's errors, there was a reasonable probability that the trial's outcome would have been different.

Next, defendant argues that the trial court abused its discretion by admitting other-acts evidence under MCL 768.27a. Specifically, defendant argues that the evidence should have been excluded under MRE 403. A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998). An abuse of discretion is found when the trial court's decision falls outside the range of reasonable and principled outcomes. *People v Murphy (On Remand)*, 282 Mich App 571, 578; 766 NW2d 303 (2009).

MCL 768.27a allows for admission of evidence of a defendant's uncharged sexual offenses against minors. *People v Pattison*, 276 Mich App 613, 618-619; 741 NW2d 558 (2007). The evidence "may be considered for its bearing on any matter to which it is relevant," including the defendant's propensity to commit the charged offense. MCL 768.27a; *People v Watkins*, 491 Mich 450, 475; 818 NW2d 296 (2012). However, relevant evidence that is admissible under MCL 768.27a may still be excluded under MRE 403. *Id*. at 481. When considering whether to exclude the evidence under MRE 403, "courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Id*. at 487. The following factors should be considered:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability to the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id*. at 487-488.]

In this case, the evidence of the uncharged act was relevant to defendant's propensity, *id.* at 475, and the victim's credibility, *People v Mann*, 288 Mich App 114, 118; 792 NW2d 53 (2010). The factors considered under MRE 403 also weigh in support of the admission of the other-acts evidence. The prior act and the charged offense were similar. The victims were close in age at the time of the sexual assaults, both being under the age of 10. Defendant was also dating or had a close relationship with the victims' mothers and committed the offenses when left alone with the victims. Both instances involved the touching of defendant's penis to the victim's vagina. The acts occurred seven years apart, which is not too remote as to preclude admission. There was a need for testimony beyond that of the victim and defendant because there were no eyewitnesses or physical evidence to corroborate the instant victim's allegations. Although the prior act only occurred once, infrequency of a prior act alone does not preclude admission. Finally, defendant argues that the evidence was unreliable because he was never charged with the prior offense. However, MCL 768.27a specifically allows the admission of uncharged sexual offenses. *Pattison*, 276 Mich App at 618-619. The victim of the prior offense was able to testify in detail regarding the alleged assault. Accordingly, the evidence was not unfairly prejudicial and we find no abuse of discretion.

Affirmed.


/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro