# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TREVOR JAMES CARRIER,

        Defendant-Appellant.

UNPUBLISHED
February 16, 2016

No. 324649
Emmet Circuit Court
LC No. 14-003969-FC

Before: HOEKSTRA, P.J., and METER and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his convictions following a jury trial of 16 counts of criminal sexual conduct in the first degree, MCL 750.520b(1)(a) (victim under 13 years old). He was sentenced to concurrent prison terms of 25 to 50 years on each count. We affirm.

The three victims testified to a longstanding pattern of sexual abuse by defendant. Defendant is the cousin of all three victims. The abuse involved oral sex acts, penile-vaginal intercourse, digital penetration, and anal penetration. The abuse started before the victims' teenage years.

Defendant argues that the trial court erred when it denied his motion for mistrial. The mistrial motion was prompted by testimony, on cross-examination by defense counsel, from a Michigan State Police Department trooper that during his interviews of the three victims, the trooper "felt that they were being very truthful in what they were telling" him. When the jurors returned to the courtroom following argument on the motion and the court's denial thereof, the court instructed them as follows:

> Jurors, before we recessed, the witness, Trooper Jermeay[,] gave testimony about his opinion concerning the truthfulness of the girls who are the complaining witnesses in this case. That testimony is highly improper. Witnesses are not permitted to testify concerning the truthfulness of other witnesses. This is because the determination of the credibility of witnesses is solely the province of the jury. It is for you to decide, and witnesses are not allowed to testify on that issue, thus you must disregard that testimony from Trooper Jermeay. You must give it no consideration whatsoever as you assess the facts of this case. I'm instructing you to disregard that testimony.

-1-

We review for an abuse of discretion a trial court's decision to deny a motion for a mistrial. *People v Dennis*, 464 Mich 567, 572; 628 NW2d 502 (2001). An abuse of discretion occurs when the trial court chooses an outcome that is outside the range of principled outcomes. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010).

"[A] mistrial should be granted only where the error complained of is so egregious that the prejudicial effect can be removed in no other way." *People v Lumsden*, 168 Mich App 286, 299; 423 NW2d 645 (1988).

> Generally, a volunteered and unresponsive answer to a proper question is not cause for granting a motion for mistrial. However, when an unresponsive remark is made by a police officer, this Court will scrutinize that statement to make sure the officer has not ventured into forbidden areas which may prejudice the defense. Police witnesses have a special obligation not to venture into such forbidden areas. [*People v Holly*, 129 Mich App 405, 415-416; 341 NW2d 823 (1983) (citations omitted).]

In such situations the Court may affirm a defendant's conviction, "despite the undeniable prejudice of the testimony," when the evidence against the defendant is "simply too strong." *Id.* at 416.

There is general agreement between the parties that the trooper's opinion on the truthfulness of the victims was improper. However, they disagree with regard to the impact of that testimony on the trial. Defendant contends that the curative instruction given to the jury was not enough to "unring the bell." We disagree.

The testimony at issue was brief, was immediately dealt with by the court, and was not repeated or argued later. The court's curative instruction was timely, direct, and blunt. The court told the jury the "testimony was *highly* improper" (emphasis added) and explained why this was so. The court reminded the jurors of their role in the proceedings[1] and told them they must give the testimony "no consideration whatsoever" in assessing the facts. "It is well established that jurors are presumed to follow their instructions," *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998), and the record is devoid of anything indicating that this presumption is unwarranted here. We further note that the evidence of defendant's guilt was very strong. Indeed, the multiple victims gave detailed evidence of the sexual abuse. Under all the circumstances, we find no basis for reversal.

Defendant also argues that he was denied a fair trial when the jury heard evidence from the victims of uncharged sexual abuse. "A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion." *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013).

---

[1] Before the proofs, the court told the jurors that they were "the ones who will decide the case," "to decide what the facts of this case are," and to "decide which witnesses you believe . . . ."

In Michigan, "[i]n cases involving the sexual abuse of minors, MCL 768.27a . . . allows the admission of other-acts evidence to demonstrate the likelihood of a defendant's criminal sexual behavior towards other minors." *People v Pattison*, 276 Mich App 613, 620; 741 NW2d 558 (2007). MCL 768.27a(1) provides, in pertinent part:

> [I]n a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant.

The Court in *People v Watkins*, 491 Mich 450, 486; 818 NW2d 296 (2012), held that evidence admissible under MCL 768.27a is subject to MRE 403 balancing, and "provided guidance to trial courts in applying MCL 768.27a and the balancing test of MRE 403," *People v Duenaz*, 306 Mich App 85, 99; 854 NW2d 531 (2014). "[T]he propensity inference of the evidence must be weighed in favor of the evidence's probative value." *Id.*; see also *Watkins*, 491 Mich at 486-487.

The *Watkins* Court provided a list of factors that could be considered under MRE 403:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 at 487-488.]

In this case, the trial court specifically limited the amount of other-acts evidence that could be admitted:

> *The court*. Alright, Mr. Fenton [prosecutor]. The Court will allow you to ask a couple general questions to establish your assertion that similar events, uncharged events, happened elsewhere, and then at that point I find that any continuation of this involves the probative value being outweighed by the considerations under 403, and I'll instruct you to proceed on to the charged accounts, so one or two questions and then move on.
>
> *Prosecutor Fenton*. Well, I'll try.
>
> *The court*. Mr. Fenton?
>
> *Prosecutor Fenton*. Yes.
>
> *The court*. I'll expect you to follow my rulings.

The court reiterated its position during a bench conference held shortly thereafter:

> *The court*. It's admissible subject to me making a determination under Rule 403, whether the prejudicial impact outweighs the probative value.

Probative value is to put this into context and establish your claim that this didn't just happen once or twice, which might be more difficult for a jury to comprehend, but there was a course of conduct over a period of time.

*Prosecutor Fenton*.  Um-hmm.

*The court*.  You've established a starting point.  I'll allow you to ask a couple questions to establish that this conduct continued, which is what I just said, and then I will allow you to move, and direct you to move to the events that are in question here, and I'm not going to hear any further quarrelling from you or statements in the presence of the jury that suggests that it's up to you to decide whether you follow the directions from the [c]ourt.  Am I clear?

Moreover, the uncharged acts were similar to the charged acts.  Each victim gave testimony of how defendant sexually assaulted them, beginning at a young age, and on family property.  The descriptions of the occurrences are comparable.  The testimony established that the uncharged acts were a part of an ongoing and longstanding pattern of abuse.  Finally, the victims' evidence corroborated each other's accounts.  Under these circumstances, the probative value of the evidence was not outweighed by the danger of unfair prejudice.  MRE 403.

The court also instructed the jury on how to approach the other-acts evidence:

The Prosecution has introduced evidence of claimed acts of sexual misconduct by the Defendant with the complaining witnesses for which he is not on trial. . . .  If you find that the Defendant did commit those acts, you may consider them in deciding if the Defendant committed the offense for which he is now on trial.  You must not convict the Defendant solely because you think he's guilty of other bad conduct.

Again, juries are presumed to follow a court's instructions.  *Graves*, 458 Mich at 486.  No error has been shown.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Patrick M. Meter
/s/ Michael J. Kelly

-4-