# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARK LEONARD DALE,

        Defendant-Appellant.

UNPUBLISHED
May 11, 2017

No. 332551
Chippewa Circuit Court
LC No. 15-001740-FH

Before: SAWYER, P.J., and MURRAY and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right from his jury-trial conviction of, and sentence for, domestic violence, third offense, MCL 750.81(5), for which the trial court sentenced defendant to serve 23 months' to five years' imprisonment with credit for 235 days served. For the reasons discussed below, we affirm.

## I. BASIC FACTS

The complainant testified that she and defendant, then her husband, celebrated St. Patrick's Day by going out for drinks. Defendant returned home first, and the complainant followed approximately two hours later. She smelled something burning upon returning home and discovered a roast left in the oven and a pot of cabbage left on the stovetop. The complainant aroused the sleeping defendant to confront him about the burned food, and an intense argument ensued. The complainant admitted that she dumped the pot of cabbage on the floor and threw some at defendant, and further testified that defendant shoved her twice, causing her to collide with objects and fall down. The complainant continued that she withdrew to the dining room to sit down and cry, but that defendant came from behind and struck her head so forcefully that she was knocked off her chair and "went flying into the wall." According to the complainant, she "saw stars" and did not attempt to get up for several minutes.

The complainant recounted the incident to a friend the following day. Two days after the incident, she reported it to a police officer, who took a report and photographed her injuries. The photographs were admitted at trial, as was documentary evidence that defendant had pleaded guilty to an act of domestic violence against the complainant in 2013. The officer directed the complainant to report this new incident to defendant's probation officer, who promptly secured a warrant for defendant's arrest.

-1-

Defendant testified at trial, and admitted that he had an intense argument with the complainant, but denied that he struck or shoved her. Defendant suggested that the complainant's injuries actually resulted from her having slipped on the stairs leading to the porch of their home. The complainant admitted that she had indeed slipped on the stairway, but testified that she was not injured by the fall.

## II. EVIDENTIARY ISSUES

On appeal, defendant contends that the trial court erred by allowing evidence of defendant's prior conviction for domestic violence to be admitted because its prejudicial effect far outweighed its probative value. Defendant also complains that the jury heard inadmissible evidence that he was on probation for failure to pay child support. Defendant failed to object to these issues below, so our review is for plain error affecting substantial rights. *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). "To avoid forfeiture under the plain error rule, three requirements must be met: (1) error must have occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

MCL 768.27b(1) provides in relevant part that "in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403." The latter rule of evidence directs a court to exclude even relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MCL 768.27b "allows trial courts to admit relevant evidence of other domestic assaults to prove any issue, even the character of the accused, if the evidence meets the standard of MRE 403." *People v Pattison*, 276 Mich App 613, 615; 741 NW2d 558 (2007).

Defendant concedes that evidence of defendant's prior domestic violence conviction was admissible pursuant to MCL 768.27b, but contends that its prejudicial effect far outweighed its probative value. Defendant argues that plaintiff should have elicited testimony that defendant was previously convicted without introducing his judgment of sentence specifying domestic violence, second offense. Defendant also argues that the court should have issued a limiting instruction. Defendant thus implies that it was unfair for the jury to learn that the conviction was for defendant's second domestic violence offense because of the obvious implication that there must have been an unmentioned first such offense. But when the complainant was questioned about defendant's prior offense in connection with the admission of the judgment of sentence, she merely stated that defendant previously pleaded guilty to "domestic assault" without mentioning it was his second such offense. Similarly, the prosecuting attorney referred to defendant's prior conviction during closing argument without stating that it was his second offense. The record also reflects that the judgment of sentence was not sent to the jury room. We have in fact found no indication in the record that the jurors were ever informed that the earlier domestic assault conviction was defendant's second such offense. For these reasons, defendant fails to bring plain error to light with this argument.

-2-

Defendant also makes issue of the jury's having heard testimony that defendant was on probation for failure to pay child support. It is well settled that evidence of a prior conviction may be prejudicial to the accused because it tempts the jury to focus on the defendant's general bad character. *People v Griffin*, 235 Mich App 27, 36; 597 NW2d 176 (1999), overruled on other grounds *People v Thompson*, 477 Mich 146; 730 NW2d 708 (2007). Defendant argues that testimony relating to his status as a probationer was not admissible under MRE 404(b)[1] or MRE 609[2] because failure to pay child support is not a crime of dishonesty or theft.

However, although the jury heard testimony that defendant was on probation, it was defense counsel who elicited from the probation officer that defendant was on probation for nonpayment of child support. To the extent that defendant complains that the jury learned of the specific nature of the crime for which he was on probation, it is well established that a party "may not harbor error as an appellate parachute." *People v Carter*, 462 Mich 206, 214; 612 NW2d 144 (2000). Put another way, a criminal defendant may not assign error on appeal to something the defendant's own lawyer deemed proper at trial. *People v Barclay*, 208 Mich App 670, 673; 528 NW2d 842 (1995).

---

[1] MRE 404(b)(1) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

[2] MRE 609(a) provides:

For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall not be admitted unless the evidence has been elicited from the witness or established by public record during cross-examination, and

(1) the crime contained an element of dishonesty or false statement, or

(2) the crime contained an element of theft, and

(A) the crime was punishable by imprisonment in excess of one year or death under the law under which the witness was convicted, and

(B) the court determines that the evidence has significant probative value on the issue of credibility and, if the witness is the defendant in a criminal trial, the court further determines that the probative value of the evidence outweighs its prejudicial effect.

Further, the defense never objected to testimony that defendant was on probation, and the prosecution never offered it for the purposes of attacking defendant's credibility under MRE 609 or for any purpose delineated in MRE 404(b). The mention of defendant's status as a probationer first came about when the complainant explained why the police officer with whom she spoke directed her to report the incident to defendant's probation officer. Defendant's probationer status also bore on the complainant's explanation that she did not immediately report the abuse because she still loved defendant and was worried that he would go to prison.

In any event, defendant has not shown outcome-determinative prejudice stemming from the testimony that he was on probation, or that he was previously convicted of domestic violence. The prosecution adduced photographs of the complainant's injuries, including of her bruised arm, elbow, shoulder, foot, chest, and hand. The photographs also depicted bruises reflecting "fingerprint marks," which, as a police witness explained, often resulted from instances of domestic violence involving "grabbing." The nature, number, and location of the injuries were consistent with the complainant's account of domestic violence and belied defendant's claim that the complainant sustained the injuries from tripping on the stairway leading to their porch. In light of the complainant's compelling testimony, and the other evidence supporting it, defendant has not shown that testimony that he was on probation, or previously convicted of domestic violence, was likely outcome determinative.

### III. SENTENCING ENHANCEMENT

Defendant contends that the trial court erroneously enhanced his sentence as a third offender for the crime of domestic violence. However, defendant failed to raise any such objection at sentencing, so our review is limited to plain error affecting substantial rights. *Brown*, 279 Mich App at 134.

MCL 750.81b provides in pertinent part as follows:

The following provisions apply in any case in which the prosecuting attorney seeks an enhanced sentence under section 81(3) or (4) or 81a(3):

* * *

(b) The defendant's prior conviction or convictions shall be established at sentencing. The existence of a prior conviction and the factual circumstances establishing the required relationship between the defendant and the victim of the prior assault or assault and battery may be established by any evidence that is relevant for that purpose, including, but not limited to, 1 or more of the following:

(*i*) A copy of a judgment of conviction.

(*ii*) A transcript of a prior trial, plea-taking, or sentencing proceeding.

(*iii*) Information contained in a presentence report.

(*iv*) A statement by the defendant.

Defendant contends that the trial court erred because it relied in part upon defendant's 2004 conviction for assault and battery to enhance his sentence to one for domestic violence, third offense, without making any findings about the relationship between defendant and the victim of that assault and battery. However, MCL 750.81b(b)(*iii*) explicitly permits a court to rely upon the contents of a presentence investigation report in making its findings about the requisite relationship to enhance a defendant's sentence. Defendant's PSIR indicates that he was convicted of aggravated domestic violence, second offense, in 2013, and convicted of assault and battery in 2004 after initially being charged with domestic violence. Because defendant was convicted of aggravated domestic violence, second offense, the requisite relationship necessarily existed regarding the first offense in 2004. See MCL 750.81a(3).[3] Accordingly, the information in the PSIR provided a sufficient basis for the sentence enhancement.

## IV. ASSISTANCE OF COUNSEL

Defendant contends that defense counsel was ineffective for failing to raise objections in connection with the evidentiary and sentencing-enhancement issues discussed above. The prosecution correctly retorts that the issue of ineffective assistance is not properly presented for review because it is outside the scope of the questions presented on appeal, and this Court may decline to address it for that reason. See MCR 7.212(C)(5); *People v Albers*, 258 Mich App 578, 584; 672 NW2d 336 (2003). But, even considering the issue on its merits, we conclude that defendant is not entitled to relief.

Defendant neither moved the trial court for a new trial nor at least an evidentiary hearing in connection with this issue, thus leaving it unpreserved. See *People v Heft*, 299 Mich App 69,

---

[3] MCL 750.81(a)(3) provides as follows:

> An individual who commits an assault and battery in violation of subsection (2), and who has 1 or more previous convictions for assaulting or assaulting and battering his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of the same household, in violation of any of the following, is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not more than $5,000.00, or both:
>
> (a) This section or an ordinance of a political subdivision of this state substantially corresponding to this section.
>
> (b) Section 81, 82, 83, 84, or 86.1
>
> (c) A law of another state or an ordinance of a political subdivision of another state substantially corresponding to this section or section 81, 82, 83, 84, or 86.

80; 829 NW2d 266 (2012). Our review is therefore limited to the existing record. *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007).

"To prove that defense counsel was not effective, the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *Heft*, 299 Mich App at 80-81. "The defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different." *Id*. at 81. "The defendant must overcome a strong presumption that counsel's assistance constituted sound trial strategy." *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994).

In this case, defendant fails to show that counsel's performance was deficient for failure to object to the admission of his 2013 domestic violence conviction because, as discussed above, that conviction was admissible under MCL 768.27b and its probative value was not substantially outweighed by its prejudicial effect. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Nor does defendant show that the testimony that he was a probationer likely affected the outcome of the trial.

And as also discussed above, defendant failed to bring to light any error concerning the information the trial court relied upon in determining that defendant was subject to sentencing enhancement as a third domestic violence offender. Because defense counsel thus had nothing to gain from raising any objections in the matter at sentencing, no lack of such objection supports a claim of ineffective assistance. See *Ericksen*, 288 Mich App at 201.

Affirmed.

/s/ David H. Sawyer
/s/ Christopher M. Murray
/s/ Elizabeth L. Gleicher