*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 09, 2024
10:31 AM

Plaintiff-Appellee,

v

No. 368953
Wayne Circuit Court
LC No. 23-000783-01-FC

KIM LAMONT POINTER,

Defendant-Appellant.

Before: CAMERON, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of second-degree murder, MCL 750.317; felon in possession of a firearm, MCL 750.224f; felon in possession of ammunition, MCL 750.224f; and three counts of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced, as a third-offense habitual offender, MCL 769.11, to 65 to 100 years' imprisonment for the second-degree murder conviction, 4 years, 9 months to 10 years' imprisonment for each felon-in-possession conviction, and five years' imprisonment for each felony-firearm conviction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the murder of defendant's wife. Defendant called 9-1-1, reporting a home invasion, but, when police arrived, there was no evidence of forced entry into the home. Instead, investigators found evidence that the victim was shot upstairs, somehow made her way downstairs, and was shot more downstairs, where she eventually died. Defendant had blood on his clothing, and smelled of intoxicants. Investigators also found a wig and broken glasses in a laundry hamper at the top of the stairs, as well as a broken, bloodied cell phone. The victim's autopsy revealed she was shot 13 times, and the medical examiner testified it was possible for the victim to make a phone call after suffering some of the gunshot wounds. Evidence was admitted at trial that the victim had left a voicemail for her son in which defendant could be heard in the background taunting and insulting her. Defendant was convicted and sentenced as noted. This appeal followed.

## II. STANDARDS OF REVIEW

"A trial court's decision to admit evidence will not be disturbed absent an abuse of discretion." *People v Denson*, 500 Mich 385, 396; 902 NW2d 306 (2017). "A trial court necessarily abuses its discretion when it admits evidence that is inadmissible as a matter of law." *Id*. "[W]hether a rule or statute precludes admission of evidence is a preliminary question of law that this Court reviews de novo." *Id*.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), superseded by statute on other grounds as stated by *People v Rodriguez*, 327 Mich App 573, 579 n 3; 935 NW2d 51 (2019) (citations omitted). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *People v Fawaz*, 299 Mich App 55, 60; 829 NW2d 259 (2012) (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438 (citation omitted).

## III. ANALYSIS

Defendant argues that the trial court erred by (1) admitting testimonial evidence of a prior incident in which defendant threatened the victim with a knife; (2) assessing Offense Variable (OV) 7 at 50 points; and (3) assessing OV 19 at 10 points. We disagree.

### A. OTHER-ACTS EVIDENCE

Defendant first argues the trial court erred by admitting testimony of his prior domestic violence against the victim, because it was propensity evidence and thus precluded under MRE 404(b). "MRE 404(b) prohibits the admission of a defendant's other bad acts as character evidence to prove the defendant's mere propensity to commit the charged crime." *People v Muniz*, 343 Mich App 437, 460; 997 NW2d 325 (2022). But, "in a criminal action in which the defendant is accused of an offense involving domestic violence . . . evidence of the defendant's commission of other acts of domestic violence . . . is admissible for any purpose for which it is relevant[.]" MCL 768.27b(1). MCL 768.27b further "permits evidence of prior domestic violence in order to show a defendant's character or propensity to commit the same act." *People v Railer*, 228 Mich App 213, 219-220; 792 NW2d 776 (2010). In other words, otherwise inadmissible other-acts evidence under MRE 404(b) may nevertheless be admissible under MCL 768.27b. See *People v Pattinson*, 276 Mich App 613, 616; 741 NW2d 558 (2007).

The trial court deemed the testimony admissible under MRE 404(b) and MCL 768.27b. Defendant argues on appeal that the testimony was inadmissible other-acts evidence under MRE 404(b), but fails to explain why it was inadmissible under MCL 768.27b. This argument is therefore abandoned and we need not consider it. See *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004) ("The failure to brief the merits of an allegation of error constitutes an abandonment of the issue.").

## B. OV 7

Defendant next challenges the trial court's assessment of 50 points for OV 7. OV 7 concerns aggravated physical abuse, and is assessed 50 points when the "victim was treated with sadism, torture, excessive brutality, or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." MCL 777.37(1)(a).

Defendant argues that there was no evidence of sadism or other applicable conduct because there was no physical abuse outside the gunshots, and the taunts heard in the voicemail message did not serve to increase the victim's fear and anxiety, but instead imparted "confusion and disbelief on behalf of the victim who had been up to that point living peacefully with [defendant] as husband and wife for the past several years[.]" In making this argument, defendant fails to address that the victim was shot 13 times over a prolonged period, and was taunted by defendant during the assault. This evidence is more than sufficient to support the trial court's finding that defendant acted to increase the victim's fear and anxiety

## C. OV 19

Defendant finally argues the trial court erred in assessing 10 points for OV 19, which concerns the interference with the administration of justice. OV 19 must be assessed 10 points when "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice[.]" MCL 777.49(c). "[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016) (citation omitted, alteration in *Sours*).

> Both the statutory language "interfered with or attempted to interfere with," MCL 777.49(c), and [the] oft-cited interpretation of that language as "oppos[ing] so as to hamper, hinder, or obstruct," contemplate something more than a suspect's denial of culpability. That "something more" is identifiable in existing caselaw as actions that actively redirect the investigation; that attempt to or successfully conceal evidence from law enforcement; that attempt to or successfully prevent witnesses from testifying or providing evidence; and that attempt to or successfully prevent law enforcement from being able to arrest the defendant. [*People v Deweerd*, 511 Mich 979, 980 (2023) (citations omitted, second alteration in *Deweerd*).]

Defendant mischaracterizes the trial court's analysis as being based "on the fact that the defendant did not render aid to the victim whom he had just shot 13 times, and on the reasons stated by the People." This is incorrect. The trial court did not base its decision on defendant's failure to provide aid, and indeed recognized that it was not relevant in its assessment of OV 19.

Defendant further argues that his false report of a break-in and tampering with the crime scene did not support the assessment of 10 points for OV 19. Defendant asserts that his act of "hiding the bloodied wig hat in the hamper and placing the gun near the [victim's] body did nothing to hamper the police investigation." But, his argument fails to recognize his act of hiding the wig from police constitutes concealing evidence. *Deweerd*, 511 Mich at 980. He also fails to acknowledge that his act of concocting a false report of a break-in was his active attempt to

misdirect the investigation, which concerns "something more than [his] denial of culpability." *Id*. We therefore conclude that OV 19 was properly assessed at 10 points.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett