*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROGER DEAN EVINK,

Defendant-Appellant.

UNPUBLISHED
January 31, 2025
12:56 PM

No. 366789
Allegan Circuit Court
LC No. 2022-025092-FC

Before: GARRETT, P.J., and RICK and MARIANI, JJ.

PER CURIAM.

In this criminal appeal, defendant, Roger Dean Evink, asks us to consider whether the trial court abused its discretion by admitting evidence of other acts at his jury trial. The jury convicted Evink of one count of second-degree criminal sexual conduct (CSC-II) (sexual contact with a person under 13 years of age), MCL 750.520c(1)(a) and MCL 750.520c(2)(b); and one count of first-degree criminal sexual conduct with a person under 13 years of age (CSC-I) (sexual penetration with a person under 13 years of age), MCL 750.520b(1)(a) and MCL 750.520b(2)(b). The trial court then sentenced Evink to serve 3 to 15 years' imprisonment for the CSC-II conviction and 25 to 50 years' imprisonment for the CSC-I conviction. We hold that the trial court did not err by admitting the other-acts evidence except in one instance that was harmless and, accordingly, we affirm.

## I. BACKGROUND

This case arises out of multiple sexual assaults Evink committed against the victim, who was Evink's adopted step-granddaughter and was a minor when Evink assaulted her. The victim testified that, on two or three occasions when she was eight or nine years old, Evink placed his hands under her bed covers when she was sleeping and touched her thigh, chest, and vaginal area on top of her clothes. The victim also testified that Evink touched her vagina underneath her bathing suit while playing with her in a swimming pool. As part of the case against Evink, the prosecutor presented other-acts evidence pursuant to MCL 768.27a and MRE 404(b) related to Evink's conduct with other female family members. A jury convicted Evink as described, and he now appeals.

-1-

## II. OTHER-ACTS EVIDENCE

Evink argues that the trial court erred by admitting other-acts evidence through the testimony of witnesses MW, ZG, and RI.

### A. STANDARD OF REVIEW

"A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion." *People v Thorpe*, 504 Mich 230, 251; 934 NW2d 693 (2019). "The decision to admit evidence is within the trial court's discretion and will not be disturbed unless that decision falls outside the range of principled outcomes." *Id*. at 251-252 (quotation marks and citations omitted). Further, "[a] decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *Id*. at 252.

### B. LEGAL PRINCIPLES

MRE 404(b)(1) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."[1] But this evidence is admissible to prove "motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case." MRE 404(b)(1). "MRE 404(b) is a rule of inclusion, meaning it permits the admission of any logically relevant evidence even if it also reflects on a defendant's character, so long as the evidence is not relevant solely to the defendant's character or criminal propensity." *People v Spaulding*, 332 Mich App 638, 649; 957 NW2d 843 (2020) (cleaned up).

As our Supreme Court explained in *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994), to be admissible under MRE 404(b), evidence must meet the following requirements:

> First, that the evidence be offered for a proper purpose under Rule 404(b); second, that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the probative value of the evidence is not substantially outweighed by unfair prejudice; fourth, that the trial court may, upon request, provide a limiting instruction to the jury.

Under the first prong, to show that a proper purpose exists, the offering party "must explain how and demonstrate that the other-acts evidence is logically relevant to the stated purpose without relying on an impermissible propensity inference." *People v Galloway*, 335 Mich App 629, 638; 967 NW2d 629 (2020). Under the second prong, "[o]ther-acts evidence is logically relevant if two components are present: materiality and probative value." *People v Denson*, 500 Mich 385, 401;

---

[1] The Michigan Rules of Evidence were amended effective January 1, 2024. See ADM File No. 2021-10, 512 Mich lxiii (2023). We rely on the rules in effect at the time of trial.

902 NW2d 306 (2017). "Materiality is the requirement that the other-acts evidence be related to any fact that is of consequence to the action." *Id*. (quotation marks and citation omitted). Under the third prong, "[e]vidence is probative if it tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id*. at 401-402 (quotation marks and citations omitted).

Notwithstanding MRE 404(b), MCL 768.27a(1) provides that, "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." "MCL 768.27a allows prosecutors to introduce evidence of a defendant's uncharged sexual offenses against minors without having to justify their admissibility under MRE 404(b)." *People v Pattison*, 276 Mich App 613, 618-619; 741 NW2d 558 (2007). But evidence admissible under MCL 768.27a remains subject to analysis under MRE 403. *People v Watkins*, 491 Mich 450; 818 NW2d 296 (2012). A trial court may exclude admissible evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. "Unfair prejudice" exists when "there is a danger that the evidence will be given undue or preemptive weight by the jury or where it would be inequitable to allow use of the evidence." *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008).

## C. MW'S TESTIMONY

MW, the victim's aunt and Evink's stepdaughter, testified that she met Evink when her mother married Evink when MW was 17 years old. MW testified that Evink touched her inappropriately beginning when she was 17 and this usually happened when Evink was inebriated. According to MW, this regularly occurred at night while she was in bed and Evink would try to reach under the covers and fondle her breasts or vagina. MW further explained that Evink took her to parties when he worked as a disc jockey and he bought her alcoholic drinks and let her dance. After one party, MW woke up to find that Evink had his hands in her bra. MW recalled that she acted like she was waking up and Evink ran away. According to MW, Evink later told her that he had his hands on her because she was throwing up and Evink was trying to save her life. Evink then told MW that he was sleepwalking and did not know the location of his own bedroom.

MW moved out of the house when she was 18 years old, but moved back in when she was 19 after she became pregnant with her first child. MW testified that, thereafter, Evink attempted to fondle her on rare occasions. MW also testified that, at a wedding in 2016, eight-year-old RI disclosed to her that Evink molested her for years and that, when they confronted Evink about RI's allegations, Evink began to cry and apologized to RI.

As Evink does not dispute, at least some of MW's testimony pertained to incidents that occurred when she was a minor and constituted listed offenses under MCL 768.27a. Accordingly, the trial court did not abuse its discretion by concluding that such testimony was admissible under MCL 768.27a. See *Thorpe*, 504 Mich at 251. And, as duly recognized by the parties and trial court, MW's testimony about abuse that occurred when she was an adult was not admissible under MCL 768.27a and thus must be analyzed it under MRE 404(b). As set forth in *VanderVliet*, the

prosecution identified a proper purpose for the introduction of MW's allegations that occurred when she was an adult as Evink's "plan or scheme" to commit the assaults with "distinguishing characteristics." The evidence also satisfied the second *VanderVliet* factor of logical relevance under MRE 401 and MRE 402 because the evidence was material and had probative value. See *id.* at 400-401. MW's testimony was material because the conduct she described had similar characteristics of his abuse of multiple victims when they were asleep and under covers, which showed a likelihood that the assaults alleged by the victim occurred.

As discussed in Section F, the evidence was not more prejudicial than probative because of the similarity between Evink's conduct toward MW and the victim. Further, the trial court gave a limiting instruction to the jury on the proper purpose for the other-acts evidence and, "[i]t is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). See also *Weeks v Angelone*, 528 US 225, 234; 120 S Ct 727; 145 L Ed 2d 727 (2000). Therefore, the trial court did not err by admitting MW's testimony of her abuse that continued into adulthood under MRE 404(b).

### D. ZG'S TESTIMONY

ZG was 14 years old at the time of Evink's trial and is MW's youngest daughter. ZG testified that she stopped going to Evink's house about two years before trial after she disclosed to her parents that Evink "made her feel creepy" and that she wanted him to be held accountable. ZG testified that Evink babysat her while her mother was working and, on several occasions, he appeared openly naked in her presence and she could see his "private areas." ZG recalled that Evink would also stare at her while she was swimming. She also testified that Evink once moved his hand from her shoulder down to her buttocks while they were riding in a golf cart at a campsite. According to ZG, she tried to move away, but Evink kept his hand on her buttocks for about 10 seconds and it made her very uncomfortable. ZG recalled that, on another occasion, Evink entered her bedroom at night and felt around her bed with his hands.

ZG's testimony that Evink presented his naked body to her constitutes evidence of the offense of indecent exposure, MCL 750.335a(2)(a),[2] but indecent exposure is not a listed offense, see MCL 28.722(r), (t), and (v), as the prosecutor concedes. We agree with Evink that the trial court erred by admitting ZG's testimony about these incidents of exposure under MCL 768.27a. Similarly, Evink's conduct while feeling ZG's bed at night did not constitute a listed offense because ZG did not testify that Evink's physical contact was sexual contact. See MCL 28.722(v)(*v*); MCL 750.520a(f) and (q). Therefore, the trial court also erred by admitting ZG's testimony about this incident under MCL 768.27a.

However, Evink's act of touching ZG's buttocks and keeping his hand there after she tried to move away from him constitutes "sexual contact" of the "intimate parts" of a person under 13 years old pursuant to MCL 750.520a(f) and (q) and, therefore, constitutes the listed Tier II offense

---

[2] MCL 750.335a(2)(b) qualifies as a listed Tier I offense when the victim is a minor and the defendant fondled himself or herself, MCL 28.722(r)(*ii*), but ZG did not allege that Evink fondled himself while exposing himself.

of CSC-II. See MCL 750.520c(1); MCL 28.722(v)(*v*). ZG's testimony about this touching established that Evink acted intentionally because he would not remove his hand from her buttocks despite her effort to move. For that reason, the trial court did not err in admitting ZG's testimony about this conduct.

## E. RI'S TESTIMONY

RI is MW's oldest daughter, and she testified that, as a child, she slept on a couch in Evink's home. When she did so, RI would hide her hands because, several times, Evink approached her at night and, while naked, he grabbed her hands and rubbed his penis on them. RI testified that she often kept her eyes closed during these assaults but, on one occasion, she opened her eyes and Evink "jumped like he was scared." RI also saw that Evink was naked which, in context, appears to have preceded his sexual contact, and RI testified that although she did not see Evink place his penis in her hands, RI "knew what it felt like." RI further stated that, when she confronted Evink about his conduct years later, Evink blamed his use of alcohol for his actions.

RI's allegation that Evink rubbed his penis on RI's hands constituted "sexual contact" with someone under the age of 13 as would be required to support a finding that the conduct was a Tier II listed offense such as CSC-II, see MCL 750.520c(1); MCL 28.722(v)(*v*), because "sexual contact" requires touching of a victim or actor's "intimate parts," which are "the primary genital area, groin, inner thigh, buttock, or breast." MCL 750.520a(f) and (q). Further, it appears that RI's testimony that Evink stood over her while naked, though not technically a listed offense alone under MCL 768.27a, was part of Evink's conduct in making sexual contact with her. See MCL 28.722(r), (t), and (v).

## F. MRE 403 ANALYSIS

We also hold that the evidence offered through the testimony of MW, ZG, and RI under MCL 768.27a was not overly prejudicial under MRE 403. As our Supreme Court explained in *Watkins*, 491 Mich at 487, when applying MRE 403 to MCL 768.27a evidence, "courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect. That is, other-acts evidence admissible under MCL 768.27a may not be excluded under MRE 403 as overly prejudicial merely because it allows a jury to draw a propensity inference." When considering whether evidence is unduly prejudicial under MRE 403, the *Watkins* Court stated that courts should consider the following factors:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488.]

Evink only challenges the first, fifth, and sixth *Watkins* factors to support his claim that the trial court should have found the evidence from MW, RI, and ZG more prejudicial than probative.

The similarities between Evink's other acts and the charged crimes establish that the probative value of the testimony was not outweighed by the risk of unfair prejudice. MW, RI, ZG, and the victim were all minors when the assaults occurred, they were all members of Evink's family, and most of the incidents involved Evink trying to take advantage of a situation in which the girls were sleeping or in bed at night. Evink argues that the other acts were not equally similar to the pool incident with KR that led to his CSC-I conviction. The other acts, however, still bore important similarities to that offense[3] and, regardless, nothing about that comparison undermines the acts' very high level of similarity to the conduct underlying the other charged offense. Therefore, contrary to Evink's assertion, this factor does not suggest that the evidence was unfairly prejudicial. See *People v Solloway*, 316 Mich App 174, 194-195; 891 NW2d 255 (2016); *Watkins*, 491 Mich at 487.

The evidence was also reliable enough that the probative value of the testimonies was not substantially outweighed by the risk of unfair prejudice. See *id*. ZG and the victim testified that they were not sure if the incidents of touching by Evink may have been accidental, but the victim was certain that Evink touched her inappropriately. In addition, both testified that the incidents made them feel uncomfortable, and the circumstances of the incidents described by their respective testimonies were sufficient to permit an inference regarding Evink's intent. Evink does not argue that the testimonies of MW or RI were unreliable, and he even states in his brief that "MW and RI had no discernable motive to fabricate their allegations." Therefore, this factor weighs in favor of the evidence's admission. See *id*.

Evink argues that, under the sixth *Watkins* factor, there was no need for evidence in addition to the victim's testimony, so the trial court should not have admitted any of the other-acts evidence under MRE 403. See *id*. at 487-488. But, as this Court stated in *Solloway*, 316 Mich App at 196, when there are no eyewitnesses to support the allegations of a child victim of sexual assault, additional evidence about similar conduct is warranted. See *Watkins*, 491 Mich at 487.

Although Evink does not argue about the temporal proximity of the other acts, we note that a lapse in time does not preclude the admission of evidence of other acts particularly when the acts bear significant similarities to the charged offenses. See *Solloway*, 316 Mich App at 195; *Watkins*, 491 Mich at 487. Further, MW, RI, and the victim testified that Evink committed the sexual acts multiple times over a period of years. See *Solloway*, 316 Mich App at 195; *Watkins*, 491 Mich at 487.

In sum, the *Watkins* factors supported the admission of the MCL 768.27a evidence offered by MW, ZG, and RI. Therefore, the trial court did not abuse its discretion by finding that the probative value of this evidence was not substantially outweighed by the risk that it would unfairly prejudice Evink. The trial court's resolution of this evidentiary question was not outside the range of principled outcomes. See *Thorpe*, 504 Mich at 251-252.

---

[3] The other acts admitted under MCL 768.27a and the pool incident all involved assaults against minors who were Evink's family members, and at least one of those other acts—the golf-cart incident involving ZG—involved an act of sexual contact in a public setting, as the pool incident did.

We reach the same conclusion as to the evidence offered by MW that was admitted under MRE 404(b). Unlike evidence admitted under MCL 768.27a, any propensity inference from this 404(b) evidence would weigh against its admission under MRE 403, rather than in favor of it. That analytical distinction, however, does not lead to a different outcome in this case. As discussed, this evidence was offered for a proper, non-propensity purpose and, as with the MCL 768.27a evidence, it carried significant probative value in that regard given its level of similarity to the charged conduct. While the evidence was prejudicial to Evink, he has not shown that it was unfairly so, or that any such unfair prejudice "substantially outweighed" its probative value. *VanderVliet*, 444 Mich at 55; see *People v Dixon-Bey*, 321 Mich App 490, 513; 909 NW2d 458 (2017) (explaining that "MRE 403 does not prohibit prejudicial evidence; rather, it prohibits evidence that is *unfairly* prejudicial," and "evidence is unfairly prejudicial when there exists a danger that marginally probative evidence might be given undue weight by the jury"). Accordingly, we see no abuse of discretion in the trial court's admission of this evidence.

## G. HARMLESS ERROR

Although we hold that the trial court erroneously admitted testimony about Evink exposing himself and touching ZG's feet while she was in bed pursuant to MCL 768.27a, the admission of this evidence was harmless. MCL 769.26 provides as follows:

> No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

The evidence against Evink amply supported his convictions, including ZG's admissible testimony about Evink touching her buttocks, MW's testimony about Evink placing his hands under her bra, RI's testimony about Evink rubbing his penis on her hands, and the victim's testimony about Evink touching and penetrating her vagina with his fingers. Because evidence supported Evink's convictions notwithstanding the inadmissible portion of testimony about Evink exposing himself or touching ZG's feet, it is not more probable than not that inclusion of the testimony "resulted in a miscarriage of justice" affecting the outcome of trial. *Thorpe*, 504 Mich at 252. For that reason, Evink is not entitled to a new trial on this ground.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Michelle M. Rick
/s/ Philip P. Mariani

-7-