*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DARRELL DEAN DAKAN,

        Defendant-Appellant.

UNPUBLISHED
June 27, 2024

No. 365631
Newaygo Circuit Court
LC No. 2022-012977-FC

Before: RICK, P.J., and JANSEN and LETICA, JJ.

LETICA, J. (*concurring in part and dissenting in part*).

I agree that there was sufficient evidence to support defendant's second-degree murder conviction and to rebut defendant's self-defense claim. But I conclude that some of the evidence about defendant's domestic assaults against his stepson and ex-wife was potentially admissible under MCL 768.27b in the court's discretion despite the prosecution's alleged untimely disclosure.

Through MCL 768.27b, the Legislature authorizes trial courts "to admit relevant evidence of other domestic assaults to prove any issue, even the character of the accused, if the evidence meets the standard of MRE 403." *People v Pattison*, 276 Mich App 613, 615; 714 NW2d 558 (2007). And, the trial court's decision to admit such evidence is reviewed for an abuse of discretion. *Id*. A formal motion to admit or notice of intent to admit under MCL 768.27b is not mandated; rather, only pretrial disclosure of the proposed evidence is required. *People v Mathey*, ___ Mich ___, ___; 2 NW3d 904 (2024) (ZAHRA, J. dissenting). Indeed, the plain language of MCL 768.27b(2) does not require the prosecution to provide a formally titled notice of its intention to present evidence of the commission of other acts of domestic violence. See *id*.; *People v Jarrell*, 344 Mich App 464, 474; 1 NW3d 359 (2022). In full, MCL 768.27b(2) reads:

> If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered, to the defendant not less than 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown.

-1-

The plain statutory language requires the prosecutor to "disclose the evidence, including the statements of witnesses or a summary of the substance of any testimony expected to be offered." *Id.* Unlike MRE 404(b), the statute does not use the word "notice." The trial transcript includes representations that the prosecution provided defense counsel with numerous police reports pertaining to the prior incidents involving the victim and his stepson and some of the incidents involving his ex-wife. In other words, the prosecution disclosed such evidence in accordance with MCL 768.27b(2).

At trial, defendant testified that he was violently beaten by the victim on two occasions over a month before defendant shot the victim.[1] Defendant also presented several witnesses who testified about the victim's reputation for aggressiveness or violence. Under these circumstances, the trial court had the discretion to excuse any untimeliness, MCL 768.27b(2). Further, it could have determined that admitting the evidence was in the interest of justice, MCL 768.27b(4)(d), and decided that this evidence was not otherwise excludable under MRE 403, MCL 768.27b(1). For these reasons, defendant has not established that plain error occurred or that counsel performed deficiently as to this evidence.[2] In any event, to the extent error occurred or counsel performed deficiently by failing to object, I agree with the majority that any error was not outcome-determinative and that there was no reasonable probability that the outcome of the proceedings would have been different.

/s/ Anica Letica

---

[1] On the second occasion, defendant testified that the victim threatened to shoot him and to break his neck. Defendant also testified that he had been afraid of the victim "since his high school days" because he was capable of "coming uncorked" at any time. Defendant explained that the victim was a college wrestler, trained in mixed martial arts, lifted weights, and used steroids. Defendant described the victim as "just a monster, [a] huge [and] powerful man." On the day of the murder, the victim was 38 years old; defendant was 69 years old.

[2] During trial, defendant contradicted his stepson's testimony and attributed his injuries to tripping and falling. The stepson was 37 years old when this incident occurred; defendant was 51 years old. Despite suffering serious injuries, the stepson admitted that he told the police that nothing had happened after his mother asked him "not to stir up any more." Defendant also testified that except for one incident in 1998, involving the then-teenaged victim and for which defendant himself had called the police, he was never arrested for domestic violence. Defendant further testified that he was never charged with or convicted of domestic violence.