*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JUSTIN SCOTT SLATES,

Defendant-Appellant.

UNPUBLISHED
April 07, 2025
3:29 PM

No. 369052
Kalamazoo Circuit Court
LC No. 2022-001955-FC

Before: GADOLA, C.J., and WALLACE and ACKERMAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions for two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (sexual penetration of a person under 13 years of age by an individual 17 years of age or older), and one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with a person under 13 years of age by an individual 17 years of age or older). He was sentenced to 25 to 40 years' imprisonment on each CSC-I conviction and 15 to 40 years' imprisonment on the CSC-II conviction. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of multiple sexual assaults committed by defendant in 2010 against his cousin when she was six years old and he was approximately 20. The sexual assaults took place during family gatherings at the home of the victim's and defendant's grandparents in Portage, Michigan.

At trial, the victim testified about three instances in which defendant sexually assaulted her. In the first instance, he digitally penetrated her vagina in the basement of the Portage residence. During the second instance, which also occurred in the basement, he held her arms to her sides, pinned her to the floor, and had sexual intercourse with her. The third sexual assault occurred in the dining room as various family members prayed before a meal. While the family members and the victim stood in a circle with their heads bowed and eyes closed, defendant touched the victim's breasts and bottom over her clothing.

-1-

Defendant told her that he would "play with" or "tickle" her siblings if she informed anyone about the sexual assaults. She understood that to mean that he would sexually assault her siblings if she reported the abuse because he would refer to what he did to her as "playing" or "tickling," so she initially did not report the sexual abuse to anyone. She coped with the trauma of the abuse by writing and drawing. Over defendant's objection, the trial court admitted two diary entries from the victim as the prosecution's Exhibits 12 and 15. Exhibit 12 contained drawings of tear drops and read: "Where was God? God[,] I cried out to you! You watched me lay [sic] there crying! You allowed me to die inside[.] Why?" Exhibit 15 featured a drawing of an arm sticking out from below the surface of a body of water and read: "Water isn't all that drowns you[,] hop[e]lessness can kill you too." The victim testified that she felt scared and did not understand why defendant was hurting her when she wrote the entry depicted in Exhibit 12. When she wrote the entry depicted in Exhibit 15, she was feeling hopeless.

Over defendant's objection, the trial court admitted as other-acts evidence testimony from the victim regarding an uncharged sexual assault.[1] The victim testified that defendant sexually assaulted her again at her high school graduation party in the spring of 2022. While the victim and her friends were standing in a circle and playing a game, defendant approached her from behind, picked her up, tossed her in the air several times, and then "cradl[ed her] like a baby." As he cradled her, he touched her bottom and put his hand up her shirt, touching her breasts. According to the victim, that incident made her realize that the sexual abuse would not stop, and she also wanted to protect her siblings from the abuse, so she reported it to law enforcement.

Various other witnesses also testified at trial, including family members of defendant and the victim, but none claimed to have witnessed any sexual abuse. In his testimony, defendant denied that he ever sexually assaulted the victim and contended that she fabricated the allegations. Following the presentation of the evidence, defendant was convicted and sentenced as described above. He now appeals.

## II. DISCUSSION

### A. OTHER-ACTS EVIDENCE

Defendant first submits that the trial court abused its discretion by admitting the victim's testimony regarding the 2022 sexual assault because that testimony was not admissible under MCL 768.27b and should have been excluded under MRE 403 because the risk of unfair prejudice substantially outweighed its probative value. We disagree.

Generally, an issue is preserved for appeal if it is raised in, addressed by, or decided by the trial court. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227-228; 964 NW2d 809 (2020). A party preserves an evidentiary issue for appeal by objecting to the admission of that evidence in the trial court on the same basis asserted on appeal. *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019). When the prosecution sought to introduce the evidence under MCL 768.27b,

---

[1] The victim also testified about other uncharged sexual assaults defendant committed against her after defense counsel opened the door to that testimony by asking whether defendant sexually assaulted her every time he saw her. That other-acts evidence is not at issue in this appeal.

defendant objected, contending that it was not relevant to whether he sexually assaulted the victim when she was a child and that the evidence improperly bolstered the victim's testimony regarding the charged offenses. The trial court conducted an evidentiary hearing and concluded that the evidence was admissible under MCL 768.27b and was not precluded by MRE 403. Accordingly, the thrust of defendant's argument on appeal—that the other-acts evidence was inadmissible under MCL 768.27b and precluded by MRE 403—was substantively raised in, addressed by, and decided by the trial court. See *Glasker-Davis*, 333 Mich App at 228 ("[S]o long as the issue itself is not novel, a party is generally free to make a more sophisticated or fully developed argument on appeal than was made in the trial court.").

We review for an abuse of discretion preserved issues pertaining to a trial court's decision to admit evidence but review de novo "[p]reliminary questions of law, such as whether a rule of evidence or statute precludes the admission of particular evidence . . . ." *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014). An abuse of discretion occurs when a trial court's decision falls outside the range of principled outcomes. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010). Further, "it is an abuse of discretion to admit evidence that is inadmissible as a matter of law." *Bynum*, 496 Mich at 623.

Generally, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." MRE 404(b)(1).[2] However, evidence of other acts of sexual assault are admissible under MCL 768.27b, which provides in relevant part:

> (1) Except as provided in subsection (4),[3] in a criminal action in which the defendant is accused of an offense involving domestic violence or sexual assault, evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible for any purpose for which it is relevant, if it is not otherwise excluded under [MRE] 403. [MCL 768.27b(1).]

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. "The language of MCL 768.27b clearly indicates that trial courts have discretion to admit relevant evidence of other [sexual] assaults to prove any issue, even the character of the accused, if the evidence meets the standard of MRE 403." *People v Cameron*, 291 Mich App 599, 609; 806 NW2d 371 (2011) (quotation marks and citation omitted). Accordingly, evidence of other acts of sexual assault are admissible at trial "because a full and complete picture

---

[2] Our Supreme Court adopted significant amendments to the Michigan Rules of Evidence, effective January 1, 2024. Administrative Order No. 2021-10, 512 Mich lxiii (2023). Citations and references to the rules of evidence in this opinion refer to the rules in effect in October 2023 when the case was tried.

[3] MCL 768.27b(4) provides for the exclusion of evidence of other acts occurring more than 10 years before the charged offense and is therefore inapplicable here.

of a defendant's history tends to shed light on the likelihood that a given crime was committed." *Id*. at 610 (cleaned up).

At the time of defendant's trial, MRE 403 provided that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Courts applying MRE 403 to evidence offered under MCL 768.27b consider the following factors set forth in *People v Watkins*, 491 Mich 450; 818 NW2d 296 (2012):

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*People v Skippergosh*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364127); slip op at 7 (quotation marks and citation omitted).

Further, "courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 456.

As an initial matter, we note that defendant's analysis of this issue focuses primarily on the admissibility of the other-acts evidence under MCL 768.27a, which provides for the admission of evidence regarding other sexual offenses against minors when a defendant is charged with committing a sexual offense against a minor. However, the other-acts evidence at issue here was not proposed or admitted under MCL 768.27a. The prosecution sought to admit the evidence under MCL 768.27b, and the trial court evaluated the admissibility of the evidence under that statute. Defendant's arguments regarding MCL 768.27a are therefore immaterial to this issue, and we will not address those arguments further.

The trial court did not abuse its discretion by admitting the other-acts evidence under MCL 768.27b. That evidence related to defendant's commission of another act of sexual assault, and MCL 768.27b permitted its admission for any purpose for which it was relevant as long as it was not excluded under MRE 403. Defendant argues that the other-acts evidence was not relevant because whether he sexually assaulted the victim as an adult is not probative of whether he sexually assaulted her as a child. That argument is unpersuasive. Defendant's CSC-II charge was based on the victim's allegation that, while the family prayed in a circle with their heads bowed and eyes closed, defendant touched her breasts and bottom. The victim's testimony that defendant touched her breasts and bottom at her graduation party while surrounded by friends and family increases the likelihood that defendant similarly groped her while surrounded by praying family members. The fact that the victim was over 18 during the graduation party assault does not render that assault so dissimilar to the charged assaults as to deprive it of its probative value. Additionally, the other-acts evidence was relevant because it clarified why the victim reported the allegations to law enforcement in 2022.

Because the other-acts evidence related to a sexual assault and was relevant to facts of consequence, the trial court was permitted to admit it under MCL 768.27b, provided it was not otherwise excluded under MRE 403. See MCL 768.27b(1). Defendant contends that its probative

value was substantially outweighed by the danger of unfair prejudice under MRE 403, but the record does not support that claim.

In concluding that MRE 403 did not require exclusion of the other-acts evidence, the trial court considered the *Watkins* factors and found that: (1) the 2022 assault was not so dissimilar from the charged offenses as to deprive it of probative value; (2) the 2022 assault occurred a significant time after the charged conduct; (3) the other act occurred "fairly frequently or whenever [defendant] was around [the victim]"; (4) there were no intervening acts; (5) no other witnesses would testify regarding the 2022 assault; and (6) the other-acts testimony was necessary to the prosecution's case because "[t]his is a case that would be based on the credibility" of the victim. Those findings were supported by the record evidence. As noted above, the 2022 sexual assault was substantially similar to the conduct giving rise to the CSC-II charge. When asked whether defendant sexually assaulted her every time he saw her between 2010 and 2016, the victim responded, "Yes, he would touch me . . . every time that we were together." Further, no other witness testified to observing defendant sexually assaulting the victim; thus, the trial court correctly determined that this case turned on the victim's credibility.

Defendant's argument concerning the prejudicial effect of the other-acts testimony rests on his claim that the evidence lacked probative value because it was not relevant to whether he committed the charged offenses. However, evidence that defendant groped the victim at her graduation party in the presence of her friends and family was probative of whether he similarly groped her while surrounded by family at the Portage residence. Given that the other-acts evidence was probative of whether defendant committed the charged offense—and considering the absence of corroborating evidence or testimony from witnesses other than the victim—the trial court did not err in concluding that the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice.

Finally, defendant contends that the trial court erred in analyzing the admissibility of the other-acts evidence under MCL 768.27b because the evidence was offered to demonstrate his propensity to commit the charged offenses. We disagree. As an initial matter, defendant does not articulate why the purpose for which the evidence was offered renders the trial court's analysis under MCL 768.27b erroneous and has thus failed to establish the legal basis for this claim of error. See *People v Bass*, 317 Mich App 241, 276; 893 NW2d 140 (2016) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims . . . ." (citation omitted)). Moreover, MCL 768.27b explicitly permits the admission of evidence of other acts of sexual assault "to prove any issue . . . if the evidence meets the standard of MRE 403." *People v Pattison*, 276 Mich App 613, 615; 741 NW2d 558 (2007). Defendant's argument that MCL 768.27b does not apply to other-acts evidence offered for the purposes of proving propensity is therefore unavailing.

## B. DIARY ENTRIES

Defendant next argues that the trial court abused its discretion by admitting the victim's diary entries and accompanying testimony. He contends that the exhibits constituted inadmissible

hearsay and that their probative value was substantially outweighed by the risk of unfair prejudice.[4] We find no basis for reversal on either ground.

## 1. HEARSAY

We need not decide whether Exhibits 12 and 15 constitute inadmissible hearsay because, even if they were improperly admitted, any error was harmless. "Under the harmless-error rule set forth in MCL 769.26, it is presumed that preserved, nonconstitutional error—such as evidentiary error—is harmless, and to overcome that presumption the appellant bears the burden of demonstrating, on the strength of the entire record, 'that it is more probable than not that the error was outcome determinative.' " *People v Propp (On Remand)*, 340 Mich App 652, 661–662; 987 NW2d 888 (2022), quoting *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999).

The prosecution offered the challenged exhibits to illustrate the emotional impact of the sexual assaults on the victim, but that was not the only evidence on the subject. The victim testified that she felt scared, confused, and hopeless as a result of the assaults. Additionally, her mother described significant behavioral changes beginning when the victim was approximately four years old. Once a happy, easygoing, and playful child, the victim became more withdrawn and anxious. She also began experiencing nightmares that left her curling in a fetal position, sobbing. Because that testimony provided independent evidence of the victim's emotional state, any error in admitting Exhibits 12 and 15 over an objection that it was hearsay was harmless. See *People v Gursky*, 486 Mich 596, 619; 768 NW2d 579 (2010) ("[T]he admission of a hearsay statement that is cumulative to in-court testimony by the declarant can be harmless error, particularly when corroborated by other evidence.").

## 2. MRE 403

Defendant's challenge under MRE 403 is unavailing because the trial court acted within its discretion in admitting Exhibits 12 and 15. Moreover, even if admitting those exhibits was erroneous, any error was harmless and does not warrant reversal.

MRE 403 provides for the exclusion of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice. Because "[a] party's case is always damaged by evidence that the facts are contrary to his contentions," the mere fact that evidence is damaging to a defendant's case does not render it unfairly prejudicial. *People v Parrott*, 335 Mich App 648, 681; 968 NW2d 548 (2021). "Rather, 'unfair prejudice' refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *Id*.

---

[4] Defendant also contends that the trial court abused its discretion by admitting the diary entries as extrinsic evidence improperly offered to bolster the victim's testimony. However, while defendant raises this issue in his statement of questions presented, he offers no analysis or supporting legal authority beyond a bare assertion. A party cannot merely announce a position without developing a legal argument to support it. See *Bass*, 317 Mich App at 276.

(cleaned up). Courts must balance a variety of factors when weighing the probative value of evidence against its prejudicial effect, including:

> the necessary time to present the evidence, whether the evidence is needlessly cumulative, how directly probative the evidence is, how necessary the fact to be proven by the evidence is, whether the evidence would mislead the jury, and whether there is an alternative and less potentially harmful way to prove that fact. [*People v Sharpe*, 502 Mich 313, 331-332; 918 NW2d 504 (2018).]

Here, the trial court did not abuse its discretion in concluding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Applying the *Sharpe* factors, the evidence took little time to present, was not needlessly cumulative, corroborated the victim's and her mother's testimony regarding the emotional impact of the assaults, and did not pose a risk of misleading the jury. Given those considerations, the trial court's decision does not fall outside the range of reasonable and principled outcomes. *Bynum*, 496 Mich at 623; *Feezel*, 486 Mich at 192.

Even assuming for the sake of argument that the trial court erred in admitting the evidence, defendant is not entitled to relief for the same reasons he would not be entitled to relief under the hearsay analysis. Other admissible evidence—including testimony from the victim and her mother—established the victim's poor emotional state as a result of the sexual abuse, and defendant does not challenge that evidence on appeal. Moreover, the victim's testimony regarding the charged offenses was sufficient for the jury to convict. The trial court also instructed the jury not to let sympathy or prejudice influence its decision, and "[j]urors are presumed to follow their instructions," which "are presumed to cure most errors." *People v Zitka*, 335 Mich App 324, 348; 966 NW2d 786 (2020) (quotation marks and citation omitted).

Because defendant has not established that the admission of Exhibits 12 and 15 likely affected the trial's outcome, he has failed to rebut the presumption that any error in their admission was harmless.

Affirmed.

/s/ Michael F. Gadola
/s/ Randy J. Wallace
/s/ Matthew S. Ackerman